[Crim. No. 705. Second Appellate District, Division One.—May 5, 1920.]

THE PEOPLE, Respondent, v. A. R. MAJORS, Appellant.

[1] CRIMINAL LAW—BURGLARY—POSSESSION AND SALE OF STOLEN PROPERTY—EVIDENCE OF GUILT.—Although the mere possession, by a defendant charged with the commission of the crime of burglary, of the stolen property after the time of the burglary may not be sufficient to warrant his conviction, such possession, taken together with his sale of the property, under a false name and for a grossly inadequate price, in the absence of any explanation, are circumstances sufficient to sustain a verdict of conviction.

[2] ID.—USE OF MEMORANDUM TO REFRESH MEMORY—CONVERSATIONS WITH THIRD PERSON IN DEFENDANT'S PRESENCE—ADMISSIBLE EVIDENCE.—In this prosecution of a defendant charged with the commission of the crime of burglary, the court did not err in permitting a witness for the prosecution, to whom the defendant had sold a part of the stolen goods, to refresh his memory as to dates and other details from a memorandum made by him at or about the time when the transaction occurred, or in permitting such witness to testify as to conversations and transactions between him and a third person, in the presence of the defendant, relating to the purchase by him from such third person of certain articles, some of which were a part of the loot of the burglary for the commission of which defendant was on trial.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank R. Willis, Judge. Affirmed.

The facts are stated in the opinion of the court.

Paul W. Schenck and Richard Kittrelle for Appellant.

U. S. Webb, Attorney-General, Arthur Keetch, Deputy Attorney-General, and Thomas A. Wood for Respondent.

CONREY, P. J.—The defendant having been convicted of the crime of burglary, appeals from the judgment, and from the order denying his motion for a new trial.

---

1. Possession of stolen property as evidence of burglary, note, 19 Ann. Cas. 1281.

2. Recollection of past transactions as aided by written memoranda, notes, 98 Am. Dec. 619; 35 Am. Rep. 56; 8 Ann. Cas. 210.

[1] Appellant contends that the evidence is insufficient to sustain the verdict in this, that there is no evidence that the defendant committed the crime. That burglary was committed at the time and place alleged, in the house of one George B. Varnum, is not now disputed. One of the articles stolen on that occasion was a pair of binocular glasses. The burglary occurred on the eleventh day of February, 1919. One Levy, a jeweler, testified that on the twenty-seventh day of February, 1919, he bought those glasses from the defendant, who then and there signed the name B. F. Strong on a memorandum of the sale, in a book kept by Levy. The witness Murphy, one of the officers who arrested defendant, testified that when arrested, the defendant said that his name was James Wilson. A handwriting expert, whose testimony remains uncontradicted, testified that the signature B. F. Strong, on Levy's book, was written by the same person who signed another document, whereon it was shown that the defendant had signed the name James Wilson. The sale made by defendant to Levy, of the binocular glasses and other jewelry brought defendant only ten dollars for the lot. The glasses alone were worth sixty dollars. Conceding that mere possession by defendant of the stolen property after the time of the burglary would not be sufficient to warrant his conviction, it seems clear that such possession, taken together with his sale of the property, under a false name and for a grossly inadequate price, in the absence of any explanation,—and none appears,—are circumstances quite sufficient to sustain the verdict. (*People* v. *Lang*, 142 Cal. 482, [76 Pac. 232].)

[2] It is contended that the trial court erred in permitting the witness Levy to testify from a private record kept by that witness, without first compelling the prosecution to lay the proper foundation, and in permitting the prosecution to prove by the same witness certain conversations had with and purchases made from one Soulard on February 26th, in the presence of the defendant. The memorandum from which Levy testified was shown to have been made by him at about the same time when the transactions occurred. He testified principally from memory, but used the memorandum to refresh his memory concerning dates and perhaps as to some other details. We think that the court did not err either in this matter or in allowing the testimony as to con-

versations and transactions between Levy and Soulard in the presence of the defendant. The sales made by the defendant to Levy on the twenty-seventh day of February occurred in the presence of Soulard. On the preceding day these two men had made the first of their two joint visits to Levy, and on this first occasion certain articles of jewelry were sold to Levy by Soulard in the presence of the defendant. Some of the articles sold by Soulard were a part of the loot which had been taken from the Varnum house on February 11th.

The remaining matters complained of by appellant are that the court erred in refusing to allow the defendant to examine the witness Levy concerning a visit made by the defendant to Levy's place of business after the defendant had been charged with this crime; and in permitting the witness Wood to testify concerning the result of certain investigations made by him as to where the defendant lived. In view of the conclusion at which we have arrived concerning the matters previously discussed, it ·is unnecessary to enter further into the record concerning these two last assignments of error. They are not of sufficient weight and importance to affect the result of the case, or to enable us to say that there has been any miscarriage of justice.

The judgment and order are affirmed.

Shaw, J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 1, 1920, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 1, 1920.

All the Justices concurred.