[Crim. No. 877.  Second Appellate District, Division One.—April 29, 1922.]

## THE PEOPLE, Respondent, v. WILLIAM A. BARNES, Appellant.

[1] CRIMINAL LAW—STEALING OF AUTOMOBILE IN MEXICO — BRINGING INTO STATE—POSSESSION BY DEFENDANT—EVIDENCE—VERDICT.— In this prosecution in which it was charged that the defendant, having first stolen an automobile in Mexico, brought the same into this state, the facts that defendant concealed the certificate of registration of the car, that he claimed to have bought the car, which was in fact stolen, that he assumed the family name of the true owner and made other false statements, constituted circumstances which, together with his possession of the car, were sufficient to connect the defendant with the larceny committed in Mexico and to warrant the conclusion that he was the guilty party.

----

1. In prosecution under statute against bringing stolen property into state, by what law is question of larceny to be determined, notes, Ann. Cas. 1912A, 392; 15 L. R. A. 722; 14 L. R. A. (N. S.) 556.

Receiving in one state property stolen in another as constituting offense of receiving stolen property, note, 18 Ann. Cas. 1026.

[2] ID.—JURISDICTION—EVIDENCE.—In such prosecution, the evidence with reference to the stealing of the car and the movements of the defendant warranted the jury in finding it to be the fact that after the car was stolen at a point in Mexico, the defendant brought the car into San Diego County, where defendant was prosecuted.

APPEAL from a judgment of the Superior Court of San Diego County. W. P. Cary, Judge. Affirmed.

The facts are stated in the opinion of the court.

Edward J. Kelly for Appellant.

U. S. Webb, Attorney-General, and Arthur Keetch, Deputy Attorney-General, for Respondent.

CONREY, P. J.—The information charged that the defendant, having first stolen a Ford touring car at Tia Juana, Lower California, Mexico, the same being the personal property of one M. L. McKelvey, brought the same into the county of San Diego, state of California. The described offense is a felony. (Pen. Code, secs. 27 and 497.) Having been convicted of this offense, defendant was sentenced to imprisonment in the state prison, and now appeals from the judgment.

The evidence establishes the following facts: Mrs. Mc-Kelvey, owner of the car, permitted her son to drive the car, and he went with it to Tia Juana. He saw the defendant standing near the place where he parked the car. When McKelvey returned for the car it had disappeared. This was on the twenty-seventh day of July, 1921. The car was a touring car, model 1920, and carried the license number 369341. On the next following day appellant arrived at the home of one F. J. Knight, in the county of San Diego, driving a late model Ford touring car, and remained there about four days. There is no further direct identification of the car that was in his possession at that time. On the nineteenth day of August appellant came to the place of business of one Green, near Bakersfield, in Kern County. He came there in a car which was identified as the car of Mrs. McKelvey. He had taken out the certificate of registration, which later was found in the

bedding of the room assigned to him on Green's premises. The license plates bearing the number 369341 were on that car when he arrived there. He told Mr. Green that his name was J. McKelvey and that he had bought the car at El Paso, Texas.

Appellant was arrested at Green's place in Kern County, and was brought back to San Diego County by J. H. Kilby, a deputy sheriff of that county. Appellant told Kilby that he bought this car at Ensenada, in Lower California, on the twenty-eighth day of July; that on that night he camped at the junction of the highway and Rose Canyon road. Kilby testified that the Rose Canyon road joins the state highway on the north side of La Jolla, in San Diego County.

[1] In support of his appeal, appellant claims that the evidence is insufficient to sustain the conviction, in that there is no evidence, beyond the mere possession of the stolen car by him in Bakersfield, which in any way connects him with the theft of the automobile. But there is something more proved than such mere possession. The facts that appellant concealed the certificate of registration, that he claimed to have bought a car which was in fact stolen, and that he assumed the family name of the true owner, and made other false statements which we need not specify, constitute circumstances which, together with the possession of the car, were sufficient to connect the defendant with the larceny committed at Tia Juana and to warrant the conclusion that he was the guilty party. (*People* v. *Lang,* 142 Cal. 482 [76 Pac. 232]; *People* v. *Majors,* 47 Cal. App. 374 [190 Pac. 636].)

[2] Next it is contended that the evidence is not sufficient to prove jurisdiction of the superior court of San Diego County over the offense charged. "The jurisdiction of a criminal action for stealing or embezzling, in any other state, the property of another, or receiving it knowing it to have been stolen or embezzled, and bringing the same into this state, is in any county into or through which such stolen or embezzled property has been brought." (Pen. Code, sec. 789.) The evidence which we have stated is clearly sufficient to have warranted the jury in finding it to be the fact that after stealing Mrs. McKelvey's car at

Tia Juana, which is near the San Diego County line, the defendant did bring the car into San Diego County.

The only other point suggested is that the court erred in giving a certain instruction, in that by such instruction the court improperly assumed that the automobile had been shown to have been stolen, whereas such a conclusion was a question at issue for determination by the jury. A single sentence of this instruction is quoted in the brief of appellant. Reading the entire instruction in connection with that sentence, it is manifest that the court made no such assumption, but left the fact entirely to the determination of the jury.

The judgment is affirmed.

Shaw, J., and James, J., concurred.