[Crim. No. 1047. Department Two.—March 14, 1904.]

## THE PEOPLE, Respondent, v. ROBERT LANG, Appellant.

CRIMINAL LAW—BURGLARY—RECENT POSSESSION OF STOLEN PROPERTY—GUILTY CONDUCT—SUFFICIENCY OF EVIDENCE.—The recent possession of stolen property unexplained is a very strong circumstance, when taken in connection with other circumstances that point to guilt; and where property has been feloniously taken by means of a burglary, and it is immediately or soon thereafter found in the possession of a person who gives a false account, or refuses to give any account, of the manner in which it came to his possession, proof of such possession and guilty conduct is presumptive evidence not only that he stole the property, but that he made use of the means by which access to it was obtained.

ID.—PAWNING OF STOLEN OVERCOAT—FICTITIOUS SIGNATURE—DENIAL BY DEFENDANT.—Upon the trial of a defendant charged with entering the rooms of the prosecuting witness with intent to commit larceny, where the evidence shows that the overcoat of the witness was missed from his room on a certain day, and that on the morning of the same day the defendant had the overcoat, and took it to a loan office, where he pawned it by signing a fictitious name and address, and afterwards denied the signature, the facts justify the inference of his guilt of the offense charged.

ID.—TESTIMONY OF HANDWRITING EXPERT—QUESTION CALLING FOR FACT RATHER THAN OPINION—OBJECTION NOT URGED—JURY NOT MISLED.—When a handwriting expert was improperly asked as matter of fact if the same man wrote the fictitious address, and certain other admitted writing of the defendant, instead of asking for his opinion, such error is not ground for reversal where no such objection was made to the question, and the jury must have understood that the statement given was only the opinion of the witness, and the defendant had the opportunity of full cross-examination, which would have brought forth the reason for the statement.

ID.—INSTRUCTIONS—CONSENT TO ORAL CHARGE—BILL OF EXCEPTIONS.—A bill of exceptions showing that an oral charge was given, "a written charge having been waived by counsel on both sides," shows a consent that the jury be charged orally.

ID.—REFUSAL OF REQUESTED INSTRUCTIONS—RULE OF COURT.—A rule of the court that requested instructions be presented before the arguments of counsel is regarded as proper, and should be generally followed by counsel, though the rule will not justify the court in refusing to give a proper instruction upon a point in the case material to the defendant which has not been given elsewhere. But where no instructions requested show that the rule should have been disregarded, and an oral charge was consented to after argument, and was full and fair to the defendant, covering all important phases of the case, the refusal of requests presented in violation of the rule is not ground of reversal.

ID.—INSTRUCTION AS TO ALIBI—BURDEN OF PROOF—REASONABLE DOUBT— "ATTEMPT" TO PROVE ALIBI.—An instruction upon the subject of alibi which is on the whole favorable to the defendant, and required an acquittal if there was a reasonable doubt of his presence at the time and place of the crime charged, if any was committed, is not rendered prejudicial by the statement "that the attempt of the accused to prove an alibi does not shift the burden of proof from the ·prosecution, but that the prosecution is bound to prove his presence beyond a reasonable doubt." The use of the word "attempt," though not the best that could have been used, did not mean to discredit the evidence of the defendant on the question of alibi, and could not have been so understood by the jury.

ID.—INSTRUCTION AS TO POSSESSION OF ALLEGED STOLEN PROPERTY.— Where an instruction as to the possession of the alleged stolen property, taken as a whole, was fair to the defendant, and stated the law as favorably to him as he could have expected, a clause that "if the defendant has explained satisfactorily how he came into possession of the alleged stolen property, and from such explanation you believe that he did not participate in the burglary, and there is no other evidence connecting him with the crime, then you will return a verdict of not guilty," cannot be construed as placing upon the defendant the burden of proving his innocence.

ID.—MOTION FOR CONTINUANCE—INSUFFICIENT SHOWING.—A motion of the defendant for a continuance was properly denied where it did not show due or proper diligence, nor that the defendant could not have proved the facts set forth in the affidavit by other witnesses.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank H. Dunne, Judge.

The facts are stated in the opinion.

T. V. Eddy, and Nathan C. Coghlan, for Appellant.

U. S. Webb, Attorney-General, and J. C. Daly, Deputy Attorney-General, for Respondent.

COOPER, C.—The defendant was accused by the informa-
tion of the crime of burglary, alleged to have been committed
on the sixth day of August, 1901, by entering the rooms of
one Orr with intent to commit larceny. He was convicted and
sentenced to five years in the state prison. This appeal is
from the judgment and order denying his motion for a new
trial.

1. It is claimed that the evidence wholly fails to establish
the fact that any burglary was committed, and that for this
reason certain evidence was improperly admitted. The wit-
ness Orr testified that on the fifth and sixth days of August,
1901, he occupied rooms 40 and 41 at 501 Geary Street. That
he put his overcoat in the clothes-press on the morning of the
5th of August. That he missed the overcoat from his room
on the evening of the 6th, and that he never gave any one
permission to take the overcoat from the rooms. That he
afterwards recovered the overcoat from detectives Dinan and
Wren.

There is evidence which, if true (and we must presume it
to be for the purposes of this case), shows that on the morn-
ing of August 6th the defendant took the overcoat to a loan
office at 22 Mason Street and pawned it for four dollars;
that he signed a fictitious name on the books at the loan
office,—to wit, "G. Reed, 1101 Eddy Street"; that the over-
coat is the property of Orr; that it was found at the loan
office by detectives Dinan and Wren; that the name "G. Reed,
1101 Eddy Street," written in the books of the loan office, is
the handwriting of defendant; and that defendant when ar-
rested denied that he pawned the overcoat.

We think the above facts sufficient to justify the implied
finding of the jury that defendant entered the room where
the overcoat was, and from which it was taken. Some one
took it from the rooms of Orr on or about the time charged.
Defendant on the same day had the coat in his possession.
He took it to a loan office. He there signed a fictitious name,
and afterwards denied the signature. While possession of the
stolen property is not of itself sufficient evidence of the guilt
of the party in whose possession it is found, still the recent
possession, unexplained, is a very strong circumstance, when
taken in connection with other circumstances that point to
guilt. The fictitious name given at the loan office; the pawn-

ing of the coat on the very day it was lost, and the denying of
the signature on the books of the loan office are potent facts
which are sufficient to justify the inference of guilt.    The
authorities hold that where goods have been feloniously taken
by means of a burglary, and they are immediately or soon
thereafter found in the possession of a person who gives a
false account, or refuses to give any account, of the manner
in which he came into the possession, proof of such possession
and guilty conduct is presumptive evidence not only that he
stole the goods, but that he made use of the means by which
access to them was obtained.    (*Davis* v. *People,* 1 Park C. C.
447; *Knickerbocker* v. *People,* 57 Barb. 365; *Regina* v. *Exall,*
4 Fost. & F. 923; *Walker* v. *Commonwealth,* 28 Gratt. 969;
*Methard* v. *State,* 19 Ohio St. 363; Wharton's Criminal Law,
sec. 763 et seq.; *People* v. *Flynn,* 73 Cal. 511; *People* v. *Smith,*
86 Cal. 238.)    In the latter case this court said in speaking of
a conviction of burglary: "The evidence of the recent pos-
session of the stolen property, together with the defendant's
statements and the circumstances surrounding the transaction,
were sufficient to warrant the jury in their verdict."    The
overcoat could not well have been taken from Orr's rooms
without the party who took it having entered the room.    Coun-
sel in his brief says it would be a dangerous rule to make a
conviction depend upon the memory of one man as to the
place where he last saw his property, and that Orr may pos-
sibly have left his overcoat in some other place.    Convictions
in many cases depend upon the memory of one witness, but
that is for the jury and not for this court, and if proba-
bilities could be indulged in for the purpose of overthrowing
a verdict, then no conviction would stand.    This point dis-
poses of the contention in regard to error in the admission of
certain evidence because the *corpus delicti* had not been estab-
lished.    It is not claimed that if the proof showed that bur-
glary had been committed the evidence was not admissible.

2. It is claimed that the court erred in allowing the witness
Kytka to testify to a fact, when his opinion only was compe-
tent.    The district attorney showed the witness certain hand-
writing and asked if the same man who wrote "G. Reed, 1101
Eddy Street," on people's exhibit No. 2 wrote certain writing
on people's exhibit No. 3.    The objection to the question was,
that it was incompetent for the reason that the *corpus delicti*

had not been established. No objection was made to the effect that the witness was asked a fact instead of an opinion. But even if the objection had been made, it is evident that the jury understood the statement to be only the opinion of the witness. Defendant had the right to fully cross-examine, and such cross-examination would have brought forth the reason for the statement. If defendant had made the proper objection at the time, no doubt the alleged error would have been avoided.

3. It is argued that the court erred in orally charging the jury and in refusing several instructions offered by the defendant. As to the oral charge, the bill of exceptions shows that it was taken down by the phonographic reporter, and that "after argument had been made by counsel, and an oral charge delivered by the court, which was taken down at the time by the official reporter, a written charge having been waived by counsel on both sides, the jury retired in charge of a sworn officer to deliberate upon their verdict." The above shows a consent that the jury be charged orally. As to the refusal to give defendant's requested instructions, the record shows that they were not presented to the court until the district attorney was concluding his argument, and that the rule of the court required that they should have been presented before the commencement of the arguments of counsel. Such rule of court is regarded as proper, and should generally be followed by counsel, but the rule will not justify the court in refusing to give a proper instruction upon a point in the case material to the defendant which has not been given elsewhere. (*People* v. *Silva,* 121 Cal. 668.) In this case our attention has not been called to any instruction offered which in our opinion would justify us in saying that the court should have set aside or disregarded its rule. Again, the record shows that a written charge was waived by counsel after the case was finally argued, and the oral charge given by the court seems to have been full and fair to defendant, covering all the important phases of the case.

4. It is claimed that the court erred in instructing the jury "that the attempt of the accused to prove an alibi does not shift the burden of proof from the prosecution." The extract quoted and complained of by defendant must be read in connection with the entire instruction in which it occurs,

which is as follows: "Upon the question of alibi the court instructs you that an alibi simply means that the accused was at another place at the time that the crime charged is alleged to have been committed and therefore could not have been committed. All the evidence should be carefully considered by you, and if the evidence on this subject, considered with all the other evidence, is sufficient to raise a reasonable doubt as to the guilt of the defendant, you should acquit him. The accused is not required to prove an alibi beyond a reasonable doubt, or even by a preponderance of evidence. It is sufficient to justify an acquittal if the evidence upon that point raises a reasonable doubt of his presence at the time and place of the commission of the crime charged, if you find that a crime was committed. And you will understand, also, that the attempt of the accused to prove an alibi does not shift the burden of proof from the prosecution, but that the prosecution is bound to prove his presence beyond a reasonable doubt."

The court by the use of the word "attempt" did not mean to discredit the evidence of defendant on the question of alibi, and it could not have been so understood by the jury. It is perhaps not the best expression that could have been used, but it evidently meant that the fact that defendant had offered evidence for the purpose of proving an alibi does not shift the burden of proof. It was certainly favorable to defendant. It gave the jury the clear idea that whatever had been done by way of proving an alibi did not make it less imperative for them to bear in mind that the burden was upon the prosecution to prove the presence of defendant beyond a reasonable doubt. (See *People* v. *Glover*, 141 Cal. 233.) The case of *People* v. *Ellenwood*, 119 Cal. 170, cited by defendant, does not support his contention. There it clearly appears that the court discredited a witness. To tell the jury that a party had "brought here a witness who undertakes to tell you" that he has done a certain thing was clearly an intimation discrediting the witness.

5. It is claimed that the court erred in instructing the jury as follows: "And if the defendant has explained satisfactorily how he came into possession of the alleged stolen property, and from such explanation you believe that he did not participate in the burglary, and there is no other evidence con-

necting him with the crime, then you will return a verdict of not guilty,'' for the alleged reason that the instruction placed the burden of proving his innocence upon the defendant. By an examination of the entire instruction from which the quoted portion of the instruction is taken, it is clear that no such construction can be placed upon it. The court said: ''I charge you, gentlemen, that the mere fact of the defendant having in his possession and disposing of the property alleged to have been stolen, that is if you are satisfied beyond a reasonable doubt that he had in his possession the property alleged to have been stolen and attempted to dispose of it, I say that those facts are only circumstances tending to show guilt, but they are not of themselves sufficient to prove that he committed the burglary. And if the defendant has explained satisfactorily how he came into possession of the alleged stolen property, and from such explanation you believe that he did not participate in the burglary, and there is no other evidence connecting him with the crime, then you will return a verdict of not guilty.'' The instruction was fair to defendant and stated the law as favorably to him as he could have expected.

6. There was no error in denying defendant's motion for a continuance. The affidavit does not show due or proper diligence. It states that defendant's attorney searched diligently for the witness for seven days at his former place of residence, 501 Geary Street, in the city and county of San Francisco. Seven days was certainly long enough to search in one place, but no search elsewhere appears to have been made. The affidavit states that the attorney made diligent inquiry at said place, but whether any one heard the inquiry or not, or whether it was made of any person at the place, does not appear. Nor does it appear that defendant could not have proved the facts set forth in the affidavit by some other witness. In fact the testimony of the absent witness given on a former trial as to the matters set forth in the affidavit was read to the jury in this case. We have examined the other assignments of error and discover nothing that would justify a reversal of the case.

We advise that the judgment and order be affirmed.

Chipman, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFarland, J., Lorigan, J., Henshaw, J.

Hearing in Bank denied.