[Crim. No. 371. First Appellate District.—February 21, 1912.]

## THE PEOPLE, Respondent, v. STEVEN FERRARA, Appellant.

CRIMINAL LAW — GRAND LARCENY — PRIOR CONVICTION — ALIBI — EVIDENCE OF IDENTITY—CROSS-EXAMINATION—REDIRECT—PRIOR IDENTITY BY PHOTOGRAPH.—Where, upon a prosecution for grand larceny, the defendant had pleaded guilty to an alleged prior conviction, and relied upon an *alibi*, and sought upon cross-examination of the prosecuting witness to weaken and break his testimony as to the identity of the defendant, who had immediately disappeared after the larceny, and was arrested for the crime one year thereafter in Portland, Oregon, the court properly allowed the witness to testify on redirect examination that the next day after the discovery of his loss he complained to the police department, where he was shown photographs of former criminals, one of which he immediately recognized as that of the defendant.

ID.—GROUND OF ADMISSIBILITY OF IDENTIFICATION BY PHOTOGRAPH— CREDIBILITY OF EVIDENCE—CORROBORATING PROOF.—The proof as to the identification of the defendant's photograph was admissible not to show the identity of the accused as the guilty party, for which purpose it would be incompetent, but rather to establish the truth and credibility of his evidence that, after the defendant's arrest, he could and did identify him as the guilty party. The evidence of the officer, who made the arrest, was also admissible to corroborate the defendant's evidence as to the identification of his photograph made in such officer's presence in the police department.

ID.—REMARK OF COURT IN ADMITTING EVIDENCE AS TO PHOTOGRAPH— ABSENCE OF OBJECTION—POSSIBILITY OF INJURY WAIVED.—Where the court remarked upon admitting the testimony of the prosecuting witness as to the photograph of defendant found in the office of the police department that perhaps the picture was found at a place where it had no right to be, no objection having been taken to such remark at the time, the possibility of injury to the defendant therefrom cannot be considered.

ID.—REFERENCE IN TESTIMONY OF OFFICER AS TO PRIOR TROUBLE OF DEFENDANT—DEFENDANT NOT PREJUDICED.—A reference in the testimony of the arresting officer, who corroborated the evidence of the defendant as to the identification of defendant's photograph, to the fact that the defendant had been in trouble before, could not prejudice the defendant, he having by his plea of guilty to a prior conviction, injected that matter into the case, so that there was no violation of section 1025 of the Penal Code by the prosecution.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial. Wm. S. Wells, Judge.

The facts are stated in the opinion of the court.

Clarence Wilson, for Appellant.

U. S. Webb, Attorney General, and J. H. Riordan, Deputy Attorney General, for Respondent.

KERRIGAN, J.—The defendant was charged with the crime of grand larceny; he was tried, convicted and sentenced. This appeal is prosecuted by him from the judgment and from an order denying his motion for a new trial.

The defendant and the prosecuting witness, J. Valmini, met for the first time on the morning of August 15, 1910, in a saloon in Oakland. After taking several drinks together, in company with others, these two men left the saloon and went to a restaurant. While there defendant made conditional arrangements to obtain a room in the house where Valmini lived, and in the course of conversation with Valmini, learned from him that he had $2,100 on deposit in a bank, and was looking for a location suitable for conducting a saloon business. Leaving the restaurant an automobile was hired, and they rode to Valmini's lodgings. There the defendant secured a room, and having done so suggested to Valmini that they go down town and draw the money out of the bank, which was done. After getting the money in currency Valmini, in company with the defendant, went back to his room, and withdrew the money from his pocket, intending to put it in his trunk. At this moment the defendant took the money out of Valmini's hand, saying he would wrap it up in a handkerchief; Valmini turned to open the trunk, and when he faced back again, the defendant handed him a package wrapped up in a handkerchief, which Valmini took and placed in his trunk, locking it. The defendant then proposed that they go to San Francisco, but at the suggestion of Valmini they spent the rest of the day in company with the landlady and her daughter automobile riding, returning between 6 and 7 o'clock in the evening. Defendant renewed his invita-

tion to Valmini to go to San Francisco, and they started together for that city, but at a point en route the defendant informed his companion that it was unnecessary for him to go any farther, and suggested that they meet the following morning. Returning home Valmini discovered the loss of his $2,100. The matter was immediately reported to the police department, and in July of the following year the defendant was apprehended in Portland, Oregon, charged with the larceny of this money.

The defendant at the trial admitted a prior conviction, but pleaded not guilty to the present charge of grand larceny, and in support of his defense attempted to prove an *alibi*.

Valmini, the landlady and her daughter testified that the defendant was the man who was with Valmini at the times respectively referred to on August 15, 1910, when his money was stolen. On the other hand, a saloon-keeper, a bar-tender and a cook, all engaged in the same place of business in Portland, testified that during all the month of August, 1910, the defendant was in that place (Portland) and that they saw him daily.

Upon the redirect examination of the prosecuting witness the following took place:

"Q. Mr. Valmini, about the time you lost your money . . . did you talk with Mr. Kyle [a detective] about this case? . . . A. I think I talked to Kyle the next day. Kyle took me over to the city. . . .

"Q. Did he show you anything at that time? A. He took me over to the city and showed me all the pictures. . . .

"Q. Where?

"Mr. Wilson [defendant's counsel] : I object to that, about taking the pictures, unless the defendant was present.

"The Court: He may answer.

"Mr. Rogers: Q. Where were those pictures? A. Over in the police court over there, in the police department over in the city. I don't remember where the place was.

"Mr. Wilson: I want to enter another objection. The testimony is incompetent, irrelevant and immaterial, as basis for reversal, and I will make a motion now, in view of that testimony brought out, that this jury be dismissed and a new panel impaneled.

18 Cal. App.—**18**

"The Court: If he saw the picture of the defendant anywhere, he may testify that he saw it and recognized it. If it is prejudicial, it comes from the fact that it is in a place it has no business to be, maybe; but couldn't he say in answer to your objection, that he didn't recognize this man, but that he saw and recognized a picture of him, if that is the object of it? . . .

"Mr. Rogers: Now, amongst those pictures did you see any picture that you recognized? A. I recognized the picture of Steven Ferrara."

Defendant contends that the admission of the testimony with reference to the pictures was injurious, as well as was the observation of the court that perhaps the picture was found at a place where it had no right to be.

As to the claimed misconduct of the court, no objection having been taken to the remark at the time, the possibility of injury to the defendant cannot now be considered. (*People* v. *Walker,* 15 Cal. App. 400, [114 Pac. 1009]; *People* v. *Mayes,* 113 Cal. 618, [45 Pac. 860]; *People* v. *Davenport,* 17 Cal. App. 557, [120 Pac. 451]; *People* v. *Ruef,* 14 Cal. App. 576, [114 Pac. 48, 54].)

As to the evidence just quoted, it is virtually conceded that the answer of the witness that the pictures were shown him at the police department was unexpected; and as no motion was made to strike it out, defendant cannot now at this time be heard to complain unless the testimony of the witness as to the identification of the defendant's photograph was inadmissible. (Ency. of Evidence, p. 178.)

It is important in this connection to remember that the testimony questioned was elicited upon redirect examination after counsel for the defendant had sought to break down or weaken the testimony of the witness as to the identity of the defendant. By the cross-examination of counsel for the defendant he sought to show that at all times prior to the trial the witness was doubtful as to the matter, and that it was not until he had visited the defendant five times that he was able to identify him, and that at this time the recognition was the result of remarks, intimations and suggestions of members of the police department. The purpose of the introduction of Valmini's prior identification of defendant's photograph was not to prove the identity of the accused as the guilty party—

for which purpose it is conceded it would be incompetent (*People* v. *Johnson,* 91 Cal. 265, [27 Pac. 663] ; *People* v. *Mc-Namara,* 94 Cal. 509, [29 Pac. 953] ; *State* v. *Houghton,* 43 Or. 125, [71 Pac. 982] ) ; but rather to establish the truth and credibility of his statement that after the defendant's arrest he could and did identify him as the guilty party.  For this purpose the testimony was admissible.

In *Commonwealth* v. *Jenkins,* 10 Gray (Mass.), 485, it is said that: "Where a witness is sought to be impeached by cross-examination or independent evidence, tending to show that at the time of giving his evidence he is under a strong bias, or in such a situation as to put him under a sort of moral duress to testify in a particular way, it is competent to rebut this ground of impeachment, and to support the credit of the witness, by showing that when he was under no such bias, or when he was free from any influence or pressure, he made statements similar to those he made at the trial."

In the case of *Yarbrough* v. *State,* 105 Ala. 43, [16 South. 758], a witness on behalf of the state testified that she had heard the defendant conspiring with others to commit the crime with which he was charged.  On cross-examination evidence was elicited from her, showing that a short time before she gave this information to the person assaulted she herself had been arrested on a criminal charge preferred by the defendant.  To rebut the unfavorable inference thus arising from such evidence, it was held admissible to show that the witness had given the same information to the person assaulted and to others, before her arrest on the charge preferred by defendant.  The court further said: "The distinction must be kept in mind between such evidence and its purpose, and when a witness attempts to corroborate his own evidence, by proof of having made similar statements to others, the latter is inadmissible.  It is mere hearsay, and not competent as tending to prove a fact; but when it is sought to discredit the witness, by attributing his or her testimony to some act on the part of the person testified against calculated to excite unfriendly feelings in the witness, in rebuttal from the inference to be drawn from such act it may be shown that the witness made the same statement prior to the time when the proven act occurred.  This evidence could not be considered as original or corroborating evidence of the truth of the

fact testified to, but purely in rebuttal of the inference, that the testimony was manufactured or the result of the unfriendly act.'' (See, also, *Hewitt* v. *Corey*, 150 Mass. 445, [23 N. E. 223]; *People* v. *Doyell*, 48 Cal. 85, 91; *Barkly* v. *Copeland*, 74 Cal. 1, [5 Am. St. Rep. 413, 15 Pac. 307]; *Cal. Electric Light Co.* v. *California Safe Deposit etc. Co.*, 145 Cal. 124, [78 Pac. 372].)

The text-books also support this view. (See Wharton's Criminal Evidence, 9th ed., sec. 492; Wigmore on Evidence, secs. 1129, 1130.)

Detective Kyle corroborated the testimony that Valmini, two or three days after the larceny, recognized the photograph of the defendant. This testimony, as we have just seen, was competent. During the examination of this witness something was said about the defendant having been in trouble before. This matter, however, was interjected into the case by defendant's counsel, and therefore, of course, did not constitute a violation of the provisions of section 1025 of the Penal Code by the prosecution.

The judgment and order are affirmed.

Hall, J., and Lennon, P. J., concurred.