[Crim. No. 1025. First Appellate District, Division Two.—April 19, 1922.]

## THE PEOPLE, Respondent, v. FRANK JOHNSON, Appellant.

[1] CRIMINAL LAW — BURGLARY—TIME OF COMMISSION — EVIDENCE— VERDICT—PROVINCE OF JURY.—In this prosecution for burglary, the question whether the crime was committed in the daytime or the night-time was a matter for the jury to determine, and, in view of the evidence, a disturbance of its verdict that the burglary was committed in the night-time would not be justified.

[2] ID.—MISCONDUCT OF TRIAL JUDGE—FAILURE TO ASSIGN AS ERROR. On an appeal from a judgment of conviction of burglary, a claim of prejudicial misconduct, based on a statement by the trial judge relating to the identification of the defendant by a witness who was being cross-examined by defendant's counsel, will not be considered where the remark was not assigned as misconduct at the time it was made and the trial court's attention was not in any manner directed to its alleged impropriety, and the remark was not of such a character as to preclude the possibility of obviating a harmful result had an assignment of misconduct been made at the time.

[3] ID.—ADMISSION OF HEARSAY—FAILURE TO MAKE MOTION TO STRIKE. A defendant convicted of burglary cannot, on appeal, predicate prejudicial error on the admission of certain alleged hearsay evidence where the answers to the questions went into the record

before objection was interposed and no motion was made to
strike out.

[4] ID.—DISALLOWANCE OF CHALLENGE FOR CAUSE—ABSENCE OF PREJU-
DICIAL ERROR—RECORD.—A defendant convicted of burglary cannot
predicate reversible error on the action of the trial court in dis-
allowing his challenge for cause interposed to one of the jurors
on the ground of bias, where that juror was not sworn and did
not serve as such on the trial, having been subsequently excused
by appellant on a peremptory challenge, and the record does not
show that, after he had exhausted his ten peremptory challenges,
appellant had occasion or desired to exercise an additional per-
emptory challenge or that any of the jurors who served were
objectionable to him.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. Michael J. Roche,
Judge. Affirmed.

The facts are stated in the opinion of the court.

Edmond H. Lomasney for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan,
Deputy Attorney-General, for Respondent.

NOURSE, J.—Defendant was convicted of burglary in
the first degree and appeals from the judgment.     [1]  It
is contended that the evidence is insufficient to support
the verdict of burglary in the first degree under the pro-
visions of section 1097 of the Penal Code that "when it
appears that the defendant has committed a public offense,
and there is reasonable ground of doubt in which of two
or more degrees he is guilty, he can be convicted of the
lowest of such degrees only."

Mr. and Mrs. Clifton, the occupants of the residence in
San Francisco from which the silverware, jewelry, and
clothing were taken, were away from home from August 5,
1921, until after August 11th and the house was unoc-
cupied. Before leaving they had carefully closed and
locked the doors and windows. On the morning of August
11th a neighbor discovered that the kitchen door in the
rear of the house was open. An examination disclosed
that entrance had been gained by chopping a panel out of
the kitchen door and removing a bolt which fastened the

door on the inside, and that silverware, jewelry, and cloth-
ing of the approximate value of two thousand five hundred
dollars had been taken from the house. Shortly after 12
o'clock noon of the same day defendant was arrested by
police officers who saw him come out of a certain San
Francisco hotel in which he was registered. His room was
searched and in a closet thereof were found eight suitcases
containing the articles in question. There appears to be
no question raised on appeal as to the sufficiency of the
evidence to show that defendant committed the burglary.
Therefore, a particular recital of the evidence on this
phase of the case is unnecessary.

Regarding the time when the crime was committed, the
evidence shows that appellant rented the room in which the
stolen articles were located about noon on August 9th, and
that at the time he had with him two or three suitcases
or grips. At about half-past 3 in the afternoon of that
day he was seen by one of the witnesses standing on the
corner of Broderick and Green Streets looking toward
Union Street, the Clifton residence being on Broderick
between Green and Union Streets. One Mrs. Ernst tes-
tified that she lived on Union Street right below Broderick;
that her house stood on the key lot and her yard and the
Clifton's yard met in the rear; that on the night of August
10th she was sleeping in a room in the back part of her
house on the second floor with the windows wide open;
that she was awakened from a sound sleep by a noise as if
someone was pounding—that it sounded like a rock pound-
ing, as if someone was grinding something and pounding;
that she thought it was in her place; that she listened and
then pulled the window up and down and the noise stopped;
that she went back to bed and almost immediately she again
heard the noise; that she got up again and opened the win-
dow screen and looked around, and just then she heard
a door and somebody said "sh!"; that it was a very dark
night and she did not see anyone; that she then went to
bed and thought no more about the occurrence until the
next day. As heretofore stated, the evidence shows that
the kitchen door was found open the following morning and
that a panel had been chopped therefrom in order to reach
within and withdraw a bolt which had been placed on the
inside of the door. The burglary was committed some time

between the 5th of August and the morning of the 11th, and whether in the daytime or the night-time was a matter for the determination of the jury. (*People* v. *McCarty,* 117 Cal. 65 [48 Pac. 984].) A disturbance of its verdict in that respect does not appear to be justified in view of the evidence here.

[2] During the cross-examination by appellant's counsel of the witness who testified he saw appellant in the vicinity of the Clifton residence on August 9th, the following occurred: "Q. Did you ever identify this man? A. I identified him after I saw his picture in the paper. Mr. Lomasney: I ask it go out. The Court: That is what you asked him. Mr. Lomasney: That is not an identification. The Court: I am not saying it is an identification, but it is the fact." Appellant now complains that this remark constituted prejudicial misconduct on the part of the trial court. The remark was not assigned as misconduct at the time it was made and the trial court's attention was not in any manner directed to its alleged impropriety. Neither does it appear that the remark was of such a character as to preclude the possibility of obviating a harmful result had an assignment of misconduct been made at the time. Under these circumstances the rule is that a claim of misconduct will not be considered on appeal. (*People* v. *MacDonald,* 167 Cal. 545, 551 [140 Pac. 256].)

[3] Appellant next contends that the admission of certain alleged hearsay evidence constituted prejudicial error. The answers to certain questions went into the record before objection was interposed, and no motion was made to strike out. This point, therefore, requires no consideration.

[4] Appellant also complains that the trial court erred in disallowing his challenge for cause interposed to one of the jurors on the ground of bias. The juror was not sworn and did not serve as such on the trial, having been subsequently excused by appellant on a peremptory challenge. It appears from the record that appellant exhausted his ten peremptory challenges, but it does not appear that he had occasion or desired to exercise an additional peremptory challenge. There is nothing to indicate that any of the jurors who served were objectionable to appellant, or that each and all of the twelve jurors finally

accepted and sworn were not entirely satisfactory to him. Under these circumstances it is unnecessary to determine whether or not the ruling was erroneous, as it did not amount to prejudicial error and would not warrant a reversal. (*People* v. *Kromphold*, 172 Cal. 512, 519, 520 [157 Pac. 599]; *People* v. *Schafer*, 161 Cal. 573, 576 [119 Pac. 920].)

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.