[Crim. No. 1026. Third Appellate District.—April 13, 1928.]

THE PEOPLE, Respondent, v. JOE MURPHY, Appellant.

H. K. Landram for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

JAMISON, J., *pro tem.*—Appellant was convicted upon both counts of an information charging him with two separate burglaries, and appeals from the judgment · of conviction and from the order denying his motion for a new trial.

His main contention is that the evidence is insufficient to justify the verdict.

As to the first count of the information, the undisputed facts are that on the fourth day of July, 1927, one J. A. Grenier was the owner of a garage in the city of Merced; that on that day he was alone in his garage; that he absented himself therefrom for about fifteen minutes and that upon his return he discovered that a number of his tools were missing; that on the seventh day of July, 1927, appellant appeared at the place of business of Darwin E. Kast, in Merced, who was a dealer in used cars, and offered to sell

and did sell to said Kast a portion of the tools that were stolen from Grenier's garage.

As to the second count of the information, the undisputed facts are that I. D. Harris owned a garage in said city of Merced in September, 1927; that between the 10th and 11th of September, 1927, someone forced an entrance into his garage and took away a number of tools belonging to him. Shortly thereafter appellant appeared at Kast's place of business and offered to sell him a portion of the tools taken from the garage of Harris. Kast refused to purchase any of said last-named tools. Appellant thereupon told Kast that he was going to San Francisco, and asked permission of Kast to leave the tools with him until his return, to which request Kast consented and thereupon appellant left the tools with Kast.

Appellant in his brief admits that the facts proven are sufficient to show that a burglary was committed as charged in the second count of the information and that the proceeds of said burglary were later found in the possession of appellant, but claims that possession of the stolen goods is not sufficient to establish the fact that the burglary was committed by appellant.

It is true that the mere unexplained possession of stolen property, standing alone, is not sufficient to justify a conviction for burglary. (Vol. 4, Cal. Jur., page 741 and authorities there cited.) But, in the case of *People* v. *Lang*, 142 Cal. 485 [76 Pac. 233], the supreme court used this language:

"The authorities hold that where goods have been feloniously taken by means of a burglary, and they are immediately or soon thereafter found in the possession of a person who gives a false account, or refuses to give any account, of the manner in which he came into the possession, proof of such possession and guilty conduct is presumptive evidence not only that he stole the goods, but that he made use of the means by which access to them was obtained." (See, also, *People* v. *Le Roy*, 192 Cal. 498 [221 Pac. 353].) So in the case of *People* v. *Smith*, 79 Cal. 555 [21 Pac. 952], where the evidence showed that a burglary had been committed and a portion of the stolen property was found in the possession of the defendants, and upon their arrest they made different statements to the arresting officers as

to how they had obtained the jewelry and gave him false names, the court held that the evidence was sufficient to support the verdict.

In the case under consideration, the evidence shows that on or about the eleventh day of September, 1927, a burglary was committed and certain tools belonging to witness Harris were stolen and were shortly thereafter found in the possession of appellant; that appellant took these stolen tools to witness Kast and sold them to him, at that time informing Kast that the tools were some that he had been working with while driving a tractor at Crow's Landing and that he was leaving there and going to British Columbia. Later, when arrested, he told Deputy Sheriff Gilbert that he purchased the drill, which was a portion of the tools stolen from the Harris Garage and sold by defendant to Kast, from a man on the streets of Modesto, a stranger to him.

Appellant further contends that the facts proven in support of count one of the information are not sufficient to show that a burglary was actually committed.

According to the undisputed testimony of witness Grenier, his garage was entered on July 4, 1927, during his temporary absence, and a number of tools were stolen. On July 7, 1927, appellant was in possession of these tools endeavoring to sell them to witness Kast. Kast testified that appellant, speaking of one of the tools, a four-inch reamer, said that he had just done a job with it the day before at his place of business in Merced. Later on, endeavoring to sell the reamer to H. E. Olsen, he told Olsen that he came from Oregon and was engaged in wholesale automobile parts business. Later, after being arrested, he told Deputy Sheriff Gilbert that he bought the reamers and other tools from a man walking along the highway some three miles from Merced.

In the case of *People* v. *Hunter,* 59 Cal. App. 444 [210 Pac. 968], where the facts are somewhat similar to the case now being considered, the court said:

"The testimony and statements made by the appellant in his attempt to account for the possession of the stolen goods were of such character as to in themselves afford evidence of guilt, and the case in its facts is brought clearly within the ruling made in *People* v. *Lang,* 142 Cal. 484 [76

Pac. 232]. What is said in the opinion rendered in that case furnishes ample support to the respondent's position here.''

The contention of appellant that the evidence is insufficient to support the verdict is without merit.

Appellant, in his brief, has not called attention of the court to any error in giving or refusing instructions. From an examination of the instructions, we are of the opinion that they fully and fairly presented to the jury the law applying to the facts of this case.

The judgment and the order are affirmed.

Plummer, J., and Hart, Acting P. J., concurred.