[Crim. No. 3229. Second Appellate District, Division Two.—August 28, 1939.]

THE PEOPLE, Respondent, v. ARTHUR A. McCANN, Appellant.

Vernon R. Hamilton for Appellant.

Earl Warren, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

McCOMB, J.—Defendant was convicted, after trial before the court without a jury, of burglary. This appeal is from the judgment of conviction and order denying his motion for a new trial.

Viewing the evidence most favorable to the respondent, the facts are:

December 31, 1938, the home of Anthony Guadnola in the city of Los Angeles was entered and a watch stolen therefrom. At the time of the burglary defendant was in the city of Los Angeles. On January 6, 1939, defendant was arrested in Phoenix, Arizona, together with a man by the name of Hash. The stolen watch was in an overcoat belonging to Mr. Hash. Defendant at the time of his arrest stated that the watch belonged to him and that it had been given to him by a party in Amarillo, Texas. Defendant after questioning was released and later arrested in El Centro, California, with the stolen watch in his possession. He was brought to Los Angeles, where he stated that he had purchased the watch from a man named Olson in Phoenix, Arizona, for the sum of $3 and denied being in Los Angeles at the time of the burglary. Later he stated that he had purchased the watch from a man named Fred in Los Angeles for the sum of $4. When the case was called for trial, defendant substituted his present attorney for previous counsel and his present attorney requested a continuance for five days, so that he might produce a witness who would corroborate defendant's story that he purchased the watch in Los Angeles from a man named Fred. This continuance was denied.

Defendant relies for reversal of the judgment on these propositions:

*First: There is no substantial evidence to sustain the trial court's judgment finding defendant guilty of burglary.*

*Second: The trial court committed prejudicial error in denying defendant's motion for a continuance.*

The first proposition is untenable. The law is established in California that possession of stolen property coupled with false statements as to the manner in which the property came into defendant's possession is sufficient evidence to sustain a conviction of burglary. (*People* v. *Neber,* 125 Cal. 560, 561 [58 Pac. 133]; *People* v. *Russell,* 120 Cal. App. 622, 625 [8 Pac. (2d) 209].)

Applying the foregoing rule of law to the facts in the instant case, there is substantial evidence to sustain defendant's conviction of burglary, since he possessed the watch at the time of his arrest and he gave inconsistent and conflicting accounts of the manner in which it came into his possession.

■ The second proposition is likewise untenable. Defendant at the time his case was called for trial moved for a continuance of four or five days, which was denied. However, after the case was tried, the trial court continued it for seven days, so that defendant might procure the testimony of his allegedly absent witness. Thus it is evident that in fact the trial court afforded to defendant a longer time in which to produce his witness than defendant had requested. Hence defendant was not prejudiced by the trial court's ruling in denying his motion for a continuance.

There is no merit in defendant's contention that the rule stated in *People* v. *Simpson*, 31 Cal. App. (2d) 267 [88 Pac. (2d) 175], to the effect that it is prejudicially erroneous for the trial court to refuse defendant a reasonable time in which to prepare for trial, is applicable to the facts of the instant case, since at the time the case was called for trial defendant's counsel stated to the court that he was not basing his motion for a continuance on the ground that he had just been substituted into the case. It is thus apparent that any right that defendant might have had to a continuance upon the ground that his counsel was not prepared to try the case was expressly waived by him in open court. Moreover, it was not held in *People* v. *Simpson, supra,* that the substitution of an attorney on the day of trial makes it mandatory for the trial court to grant a continuance.

For the foregoing reasons the judgment and order appealed from are and each is affirmed.

Wood, Acting P. J., concurred.