[Crim. No. 4016.    Second Dist., Div. Two.    Oct. 9, 1946.]

THE PEOPLE, Respondent, v. JOHN D. WADE et al., Defendants; FRANK MARQUEZ GORDILLO, Appellant.

Abbott Bernay for Appellant.

Robert W. Kenny, Attorney General, Frank Richards, Deputy Attorney General, Fred N. Howser, District Attorney, and Robert Wheeler, Deputy District Attorney, for Respondent.

McCOMB, J.—Defendants were convicted after trial before a jury of burglary in the second degree. This appeal is from the judgment of conviction of defendant Gordillo and from the order denying his motion for a new trial.

Viewing the evidence most favorable to respondent (People), the facts are:

On April 20, 1945, the Track Cafe located in Pasadena, California, was burglarized. Admission to the cafe was obtained by the cutting of five-eighths inch thick bars on a rear window of the establishment. Property of a value in excess of $1,000 was taken. Included in the articles stolen was a check in the sum of $50 which defendant Gordillo subsequently cashed. After his arrest said defendant stated that he had received the check in a crap game. Later he stated that he did not get the check in a game; that he knew from whom he received it, but that he could not afford to tell. At the time that defendants were arrested there was found in their car a set of bolt cutters which it is conceded were used in the commission of the burglary.

On May 28, 1946, defendant Wade filed an opening brief in support of his appeal with this court. On July 10, 1946, defendant Gordillo filed a document whereby he adopted in his own behalf by reference the brief filed by his codefendant. On July 12, 1946, defendant Wade abandoned his appeal and requested that a remittitur issue immediately. An order pursuant to such request was made by this court July 15, 1946.

■ The only point urged as a reason for reversing the judgment in defendant Wade's brief which is applicable to his codefendant is the proposition that *there is not any substantial evidence to sustain the judgment finding defendant guilty of burglary in the second degree.*

This proposition is untenable. The law is established in California that possession of stolen property coupled with false statements as to the manner in which the property came into defendant's possession is sufficient evidence to sustain a conviction of burglary. (*People* v. *McCann,* 34 Cal.App.2d 376, 377 [93 P.2d 643].)

Applying the foregoing rule of law to the facts in the instant case there is substantial evidence to sustain defendant's conviction of burglary since he possessed the check stolen at the time of the burglary and gave inconsistent and conflicting accounts of the manner in which it came into his

possession. Also defendant was in possession of the instrument with which the window bars at the Track Cafe were cut.

For the foregoing reasons the judgment and order appealed from are and each is affirmed.

Moore, P. J., and Wilson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 4, 1946.