[Crim. No. 5272.   Second Dist., Div. Three.   June 14, 1955.]

THE PEOPLE, Respondent, v. WILLIE L. McCLURE, Appellant.

Willie L. McClure, in pro. per., and William Bronsten, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and James D. Loebl, Deputy Attorney General, for Respondent.

SHINN, P. J.—Appellant Willie McClure was convicted by a jury of burglary in the second degree. He was charged with the burglary of a railroad boxcar and with one prior conviction of theft from an interstate shipment, a felony, for which he had suffered imprisonment. This appeal is from the judgment.

The evidence was that a switchman for the Union Pacific Railroad coming to work at 3 p. m., on March 22, 1954, observed that the seals on three boxcars on a siding near the Soto Street Sears, Roebuck building were in place, and the doors of the cars were closed. At 7:30 p. m. when he returned to move the cars he noticed that the seals on each of the three cars had been broken, and the doors of two of the boxcars had been forced open. An agent of Union Pacific testified that no one had been given permission to enter the boxcars. From one consigned to Sears, Roebuck Company, shoes, and shirts bearing the Sears' trademark "Pilgrim," and sportswear were missing. Defendant was arrested at 12:45 a. m. on March 23, 1954, while seated in his automobile. The arresting officer found a large number of shoes, men's trousers and shirts bearing the "Pilgrim" trademark in the back seat. Some of these were placed in evidence and were identified as those found in defendant's car.

Defendant gave conflicting explanations of where he had obtained the merchandise. The arresting officer testified that defendant told him at first that he knew nothing about the merchandise in the back seat; that later he said the goods belonged to his wife. Officer Edwards testified defendant told him that he bought the merchandise from an unidentified man at "23rd and Compton" and that the next day appellant told him that the "other man" had entered the freight cars, and had thrown the cartons out to him, but that he, defendant, had not entered the freight cars himself; that they went to 23d and Compton where he paid the other man $30 for the items. On the witness stand, defendant testified he had seen a man removing the cartons from the freight cars and "stashing" them, and that he, defendant, had gathered the mer-

chandise up to take to the police station, in the course of which he was arrested.

■ Appellant's main contention is that there was insufficient evidence to sustain the conviction; that the evidence merely showed he was in possession of stolen property. There was evidence, however, that not only was defendant in possession of the stolen property when arrested, but that by his own admission he had been present and had aided and abetted another unidentified person in the burglarizing of the boxcars and the removing of at least part of the contents. Possession of the stolen property, coupled with evidence that the accused aided another in removing the stolen goods from the freight car after the entry, and removed the goods from the scene of the crime, attempting to conceal them, was sufficient evidence to sustain the verdict. (*People* v. *Kellner,* 67 Cal. App.2d 477 [154 P.2d 425].) ■ In order to support a conviction of burglary, it is unnecessary to show that defendant actually entered the premises burglarized, if the evidence establishes that the accused acted as an accessory who aided in the commission of the crime. (Pen. Code, §§ 31, 971; *People* v. *Bonilla,* 124 Cal.App. 212, 214 [12 P.2d 64] ; *People* v. *Russell,* 120 Cal.App. 622, 625 [8 P.2d 209] and cases cited therein.) ■ The authorities hold that where goods have been feloniously taken by means of a burglary and they are immediately or soon thereafter found in the possession of a person who gives a false account of the manner in which he came into the possession, proof of such possession and guilty conduct is presumptive evidence not only that he stole the goods, but that he made use of the means by which access to them was obtained. (*People* v. *Lang,* 142 Cal. 482, 485 [76 P. 232] ; *People* v. *Murphy,* 91 Cal.App. 53, 54 [266 P. 374] ; *People* v. *Corral,* 60 Cal.App.2d 66, 72 [140 P.2d 172].)

■ Possession of stolen property, coupled with conflicting and inconsistent accounts of the manner in which it came into possession of the defendant is sufficient to sustain conviction of burglary. (*People* v. *McCann,* 34 Cal.App.2d 376, 377 [93 P.2d 643] ; 10 West's Cal. Dig. 760-762.)

■ Appellant next claims error in permitting the district attorney to examine him as to the nature of his prior conviction. But the rule is that when the defendant takes the stand he may be examined as to convictions of felonies and the nature of crimes of which he has been convicted. (*People* v. *Williams,* 27 Cal.2d 220, 228 [163 P.2d 692].)

■ The next point as to improper instructions given to

the jury is without merit, since the instructions have not been included in the record on appeal, and defendant is thereby precluded from questioning their correctness. (*People* v. *Rivera,* 123 Cal.App.2d 358, 360 [266 P.2d 810] ; *People* v. *Brickman,* 119 Cal.App.2d 253, 264 [259 P.2d 917] ; *People* v. *Frye,* 117 Cal.App.2d 101, 108 [255 P.2d 105], 4 Cal.Jur.2d p. 441.)

Appellant's contention that he was prejudiced by lack of a speedy trial, in that over 60 days elapsed between the filing of the information and the commencement of the trial, is unsubstantiated by the record.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 13, 1955.