[Crim. No. 3839.   Second Dist., Div. Two.   Jan. 5, 1945.]

THE PEOPLE, Respondent, v. EUGENE L. KELLNER, Appellant.

Martin S. Ryan for Appellant.

Robert W. Kenny, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

WOOD (W. J.), J.—Eugene L. Kellner, the appellant, was found guilty of the crime of burglary in the first degree by the court sitting without a jury. On this appeal from the judgment he contends that the evidence is insufficient to sustain the conviction.

The evidence establishes that at about 10:30 p. m. on January 29, 1944, the residence of Arthur B. Miner in San Pedro was forcibly entered and about 100 bottles of liquor were stolen. Appellant and Frank Powell accompanied Carl Lueckeman and William MacCall in an automobile from Beverly Hills to San Pedro. When they arrived in San Pedro Lueckeman and MacCall entered a drug store and called a number on the telephone but received no response. They thereupon purchased a pair of rubber gloves. All four then went in the automobile to the vicinity of the Miner residence. Appellant and Powell remained in the car, which was parked with its lights out, while the other two entered the house, removed the liquor and carried it to the curbing. Lueckeman then returned to the car and drove it to the point where the liquor had been placed on the curbing. The four boys then loaded the liquor into the car, whereupon appellant stated, "Let's get out of here." The car was driven to Glendale, and later to Beverly Hills, where the liquor was transferred from Powell's car to appellant's car. Later it was left at a gas station with a friend of appellant. After his arrest appellant told one of the officers that he had drawn the conclusion from the purchase of the rubber gloves and from subsequent conversations with the others that they were going to steal some whiskey. He also stated that he expected to get a bottle of whiskey for helping.

A reviewing court must assume in favor of the verdict every fact which the trial court could have reasonably deduced from the evidence. We are satisfied that the trial court could reasonably conclude that appellant knew of the intention of Lueckeman and MacCall to commit a burglary, that he went with them and remained near the scene of the burglary with the purpose of giving aid to them in any way necessary to complete the crime, and that he did in fact aid them in

removing the stolen liquor from the scene of the burglary and in thereafter concealing it. All persons concerned in the commission of a crime are guilty as principals, whether they directly commit the act constituting the offense or aid and abet in its commission. (Pen. Code, § 31.) The evidence is ample to sustain the implied finding of the trial court that appellant aided and abetted Lueckeman and MacCall in burglarizing the Miner residence.

The court did not err in permitting the prosecutor to ask appellant on cross-examination whether at the time of the commission of the offense in question he knew that Mac-Call had been involved in "difficulties with the law—criminal matters." The witness replied that he knew that Mac-Call had been in difficulty concerning a car that did not belong to him. The evidence was not admitted for the purpose of proving an offense not charged in the information or to establish the intent with which MacCall entered the Miner residence. The prosecution was attempting to prove knowledge on the part of appellant that MacCall and Lueckeman intended to commit a burglary. Proof of knowledge on the part of appellant that MacCall had been involved in the charge of the theft of an automobile was admissible as tending to establish that he was aware of the questionable character of the man he was accompanying on the trip to the house which was to be burglarized. Such knowledge gives support to the contention of the prosecution that appellant was not ignorant of the purpose of his companions.

The judgment is affirmed.

Moore, P. J., concurred.

McCOMB, J., Concurring and Dissenting.—I concur in the judgment. I do not concur in the statements contained in the last paragraph of the opinion. In my judgment the evidence was inadmissible. It was not, however, prejudicial in view of the other evidence in the record, and under section 4½ of article VI of the state Constitution such error must be disregarded.