[Civ. No. 5176.   Third Appellate District.—January 25, 1935.]

ROSA GERSON, Appellant, v. HORACE G. KELSEY et al., Respondents.

Oscar Samuels and Louis Ferrari for Appellant.

C. Ray Robinson and James D. Garibaldi for Respondents.

THOMPSON, J.—This is a suit on a $46,000 promissory note secured by a trust deed and a chattel mortgage on an apartment house and the furniture contained therein. The property was sold under the power of sale contained in the respective instruments for the net sum of $14,570, which was credited on the note. Judgment for the unpaid balance of the note, amounting to $31,430, was demanded. In reply to this demand, the answer alleged that an oral agreement was made waiving judgment for the deficiency which remained unpaid on the promissory note.

The defendants owned the Kenilworth apartments situated on Bush Street in San Francisco, subject to a first mortgage held by strangers to this action, in the sum of $52,000. October 17, 1930, the defendants executed a promissory note payable to the plaintiff and three other payees in one year

for the principal sum of $46,000 with interest at the rate of twelve per cent per annum payable monthly. This note was secured by a trust deed containing the usual provision for the sale of the property in the event of a failure to pay either the principal or interest as provided by the terms of the instrument. The note was further secured by a chattel mortgage on the household furniture and kitchen utensils contained in the various apartments of the building. Attached to this chattel mortgage there was an itemized list of all of the furniture and personal property mortgaged. This list did not contain bedding, linen, crockery, dishes, kitchen utensils or frigidaire equipment in any of the apartments. The frigidaire equipment was added to the apartments after the note and mortgages were executed. The interests of the other payees of the note were subsequently assigned to the plaintiff. After the expiration of one year from the execution of this note and the mortgages the defendants were in default with respect to the payment of the principal sum. The husband of the plaintiff, Samuel Gerson, called on the defendants for the payment of the note. The defendants testified positively that the plaintiff's husband then told them he considered the property worth $150,000, which was more than $50,000 in excess of the entire indebtedness against the property. The defendants also testified that they told Mr. Gerson they were financially embarrassed and were unable to pay the note; that there was a disagreement regarding the right of the plaintiff to immediate possession of the property on account of the lien of the first mortgage, and a dispute occurred regarding the personal property which was covered by the chattel mortgage; that the defendants then claimed the bedding, linen, crockery, dishes, kitchen utensils and frigidaire equipment were not included in the chattel mortgage, and that Mr. Gerson, as the agent for his wife, then orally agreed that if the defendants would abandon all claim to the last-mentioned personal property and would deliver possession thereof, together with immediate conveyance of the real property, the plaintiff would waive her claim to any deficiency judgment which she might secure on account of the unpaid portion of the promissory note; that the plaintiff agreed to prepare and present defendants with the proposed deed of conveyance to the property, but failed to do so. Subsequently, on notice and de-

mand, the real property was sold and conveyed to the plaintiff under the provisions of the trust deed on her bid of $10,000 therefor, and the personal property, including the frigidaire equipment and all other property in dispute as above related, was sold to the plaintiff under the provisions of the chattel mortgage for the sum of $5,000. There were no other bidders for any of the property. The defendants immediately surrendered possession of the real and personal property claiming that they did so pursuant to the oral agreement on the part of the plaintiff to waive her right to a deficiency judgment under the terms of the promissory note. No suit was commenced nor judgment rendered under the provisions of section 726 of the Code of Civil Procedure. The sum of $15,000, which was bid by the plaintiff for the real and personal property, less the costs of sales and counsel fees, was credited on the note, leaving an unpaid balance of $31,430, together with interest thereon. For the last-mentioned sum and interest this suit was commenced on the promissory note. The cause was tried by the court sitting without a jury. Findings were adopted favorable to the defendants, in which it was determined that the deficiency judgment was expressly waived by the plaintiff in consideration of the immediate delivery to the plaintiff of the possession of the real and personal property heretofore mentioned. A judgment was accordingly rendered that the plaintiff take nothing by this suit. From that judgment the plaintiff has appealed.

The appellant contends that the judgment is not supported by the evidence; that there is no consideration for the alleged waiver of a deficiency judgment, and that the judge was guilty of prejudicial error in personally examining certain witnesses, thereby depriving the plaintiff of a fair and an impartial trial.

There is no substantial merit in this appeal. The plaintiff gained title and possession of the real and personal property, subject to the first mortgage of $52,000, for only the additional sum of $15,000, in spite of the fact that there is substantial evidence to show that she considered the Kenilworth apartments to be worth approximately $150,000 shortly before she acquired the title thereto. Pursuant to the agreement to waive a deficiency judgment the plaintiff secured possession and title to all of the personal property,

including the bedding, linen, dishes, kitchen utensils and frigidaire equipment, which it is contended by the respondents was not covered by the chattel mortgage. At least the frigidaire equipment, having a value of a considerable sum, and which was placed in the various apartments after the chattel mortgage was executed, may not be held to have been included therein. The item of interest ''at the rate of twelve (12) per cent per annum *payable monthly*'', which was provided for by the terms of the note, is usurious and void. (*Curtis* v. *Thaxter*, 204 Cal. 439 [268 Pac. 630]; 2 Deering's Gen. Laws of Calif., 1931, p. 1908, Act 3757.) There is a conflict of evidence regarding the oral agreement on the part of the plaintiff to waive a deficiency judgment, but there is substantial proof to support the finding of the court that the promise was made. The very value of the property which was asserted by the plaintiff's husband supports that finding. Pursuant to the alleged agreement, the immediate possession of the real property and the title to the personal property, the mortgaging of which was in dispute, were transferred to the plaintiff. ■ The surrender of this personal property to which the defendants had, at least, a legitimate claim, in addition to an apparent certainty that the frigidaire equipment was not included in the chattel mortgage, furnishes sufficient consideration to support the agreement of the plaintiff to waive her right to a deficiency judgment. ■ Any benefit conferred upon the promisor, to which he is not lawfully entitled, or any prejudice suffered by the promisee, slight as the value thereof may be, is sufficient consideration to support an agreement to waive a deficiency judgment. The law does not weigh the *quantum* of such consideration. (Sec. 1605, Civ. Code; 6 Cal. Jur., p. 168, sec. 117; 13 C. J., p. 342, sec. 193; *Whelan* v. *Swain*, 132 Cal. 389 [64 Pac. 560]; *Rusconi* v. *California Fruit Exchange*, 100 Cal. App. 750 [281 Pac. 84].)

■ The appellant was not prejudiced by the judge's examination of certain witnesses in the course of the trial. A careful reading of the record shows that the judge was fair and impartial in the questions which he propounded, and that he merely sought to clarify the evidence with respect to the chief issue in the case regarding the alleged waiver of a deficiency judgment. ■ It is not only the

province of the judge, but it is also his duty to see that necessary facts within the knowledge of a witness are elicited from which the issues of a case may be fairly and correctly determined. This is especially true when a judge is sitting in a trial without a jury. For that purpose it frequently becomes necessary for a judge to further examine a witness to bring out facts that have not been elicited by counsel in their examinations or to clarify the evidence which may otherwise remain uncertain or obscure. In the present case there was an absolute conflict regarding the question of the alleged waiver of the deficiency judgment. It was this important issue upon which the judge personally examined the witnesses, after they had been questioned by respective counsel. In doing so, the court appears to have been perfectly fair and impartial. His only motive seems to have been to clarify the evidence and satisfy himself regarding that controversy with the sole object of correctly determining the question of that issue. There was no prejudicial error on the part of the trial judge in that regard. (*Hart* v. *Farris*, 218 Cal. 69, 75 [21 Pac. (2d) 432].)

The judgment is affirmed.

Pullen, P. J., and Plummer, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 25, 1935, and the following opinion then rendered thereon:

THE COURT.— In denying the petition for a hearing herein, we withhold our approval of the following statement appearing in the opinion: "The item of interest 'at the rate of twelve (12) per cent per annum payable monthly', which was provided for by the terms of the note, is usurious and void." Such a provision in a note or other contract does not render it usurious. (*Haines* v. *Commercial Mortgage Co.*, 200 Cal. 609, 625.)