[Civ. No. 16388.   Second Dist., Div. Three.   Dec. 7, 1948.]

RUBIE HILDE BURNS, Respondent, v. CALIFORNIA MILK TRANSPORT, INC. (a Corporation), Appellant.

Hunter & Liljestrom for Appellant.

Joseph J. Goodman for Respondent.

SHINN, P. J.—In a jury trial plaintiff recovered judgment for injuries she had received in a collision between an automobile in which she was riding as a guest and a milk truck

and semitrailer operated by defendant and driven by its employee, Johnson. The appeal is from the judgment.

The errors claimed relate to rulings on the admissibility of evidence, and there is some criticism directed toward the manner in which the trial court questioned one of defendant's witnesses.

The accident occurred April 15, 1945, while the automobile in which plaintiff was riding as a guest of the driver, King, was in the act of turning north on Western Avenue, in Los Angeles County, after entering the intersection from the west on 69th Street. Defendant's truck was travelling south. The automobile came to rest 74 feet south of the point of impact, with its left wheels over the east curb of Western Avenue, 60 feet south of the south curb of 69th Street. The truck came to rest 106 feet south of the point of impact, some 20 feet west of the east curb of Western Avenue. The point of impact was described as 7 feet north of the south curb of 69th Street and 22 feet east of the west curb on Western Avenue.

One Nulton, a witness for plaintiff, testified that he was an adjuster and investigator of automobile claims; that he went to 69th and Western the day following the accident and there observed tire marks extending down the middle of Western Avenue, commencing 4 or 5 feet north of the northerly pedestrian crosswalk at the intersection and ending about 90 feet to the south. He was asked by defendant's counsel who his employer was at the time of his inspection. Before any answer was given counsel approached the bench and engaged in a discussion with the court outside of the hearing of the jury. Only the remarks of the court following the discussion appear in the record. The court stated, "Let the record show that counsel have approached the bench, and have discussed the merits of an objection to the question that was last propounded to this witness, which has not yet been answered; and there has been a suggestion that as a result of being produced by the insurance carrier and that by reason of the possible injection of insurance in the case, I am sustaining the objection." Defendant questions the soundness of this ruling upon the ground that it is always proper to show the relation of the witness to the case, his interest in the outcome and his bias or prejudice, but in advancing this argument defendant gives scant consideration to the reason advanced by the court for sustaining the objection. Inasmuch as the record does not disclose the factual basis for the court's ruling, we must deem it to have been sufficient.

█ In any event, the ruling was harmless. The location of the vehicles, as testified to by other witnesses, corresponded with the length and course of the tire marks as described by Nulton. The testimony in question was not upon a point as to which there was any substantial conflict in the evidence and we are unable to see how defendant would have been injured by the court's ruling. For these reasons the defendant's first point is not well taken.

█ Both plaintiff and King, the driver of the car, were severely injured and were moved from the scene in an ambulance. Police officers, who also arrived shortly after the accident, were called as witnesses by the defendant. King was taken to the receiving hospital and he testified that while he was in the hospital he remained unconscious and that he did not recall having had any conversation with anyone while he was there. He also testified that he had had two bottles of beer at a restaurant that evening. Officer Dove testified for defendant that at the scene of the accident the officers did not give King a sobriety test but that he had conversed with King later at the receiving hospital. He was asked whether King had said anything about having consumed alcoholic liquor before the accident and, over objection, replied that King had said that he had been at a union meeting and had drunk a few beers. Upon plaintiff's motion the answer was stricken out. The same witness testified that King had said that he did not drink except at the union meeting. This answer also was stricken out.

It is clear that extrajudicial statements made by King, who was a witness and present at the trial, would have been hearsay and inadmissible as against plaintiff for the purpose of proving the truth of the facts asserted therein. (Code Civ. Proc., § 1848; *Kroplin* v. *Huston*, 79 Cal.App.2d 332, 343 [179 P.2d 575]; 10 Cal.Jur., Evidence, § 312, p. 1066.) We do not understand defendant to contend to the contrary.

█ It is urged, however, that the court's rulings were nevertheless in error on the ground, as stated by defendant, that "It is always proper to impeach a witness by showing that at a prior time and place he made statements inconsistent with those which he made upon the witness stand." The argument cannot be sustained. In cross-examination King had not been asked whether he had made any such statements to Officer Dove, or to anyone else. It is true that he was asked whether he had told "the doctor" at the receiving hospital that he "had been drinking beer," but if

an affirmative answer to this question had been given, it would not have been inconsistent with his prior testimony that he had had two bottles of beer at a restaurant. The only answer which he did give was that he did not recall having talked with anyone while he was at the receiving hospital, for the reason that he was unconscious. It appears from a careful examination of the record that at no time while he was on the witness stand was King apprised of the particular inconsistent statements purportedly made by him to Officer Dove, nor of the surrounding circumstances under which any such statements were made, and hence the impeaching questions were clearly objectionable for lack of a proper foundation as required by statute. (Code Civ. Proc., § 2052; *Barsotti v. Imperatrice*, 97 Cal.App. 569, 575 [275 P. 892]; *People v. Brady*, 56 Cal.App. 777, 786 [206 P. 668]; 27 Cal. Jur., Witnesses, § 134, p. 161.) In *Rignell v. Font*, 90 Cal.App. 730, 737 [266 P. 588], the court said, "It would be eminently unfair to a witness to seek to impeach him without calling his attention to the specific statements which it is claimed he has fabricated, and giving him an opportunity to explain or correct the alleged discrepancy. This is absolutely necessary before one may impeach either his own or an adverse witness." The methods prescribed in the code for impeaching a witness are exclusive, and, in general, are applied strictly. (*People v. Holman*, 72 Cal.App.2d 75, 97 [164 P.2d 297], and cases cited.) Accordingly, we hold that the answers to the impeaching questions were properly stricken by the court below.

On the other hand, it was unquestionably proper to allow the officer to testify that he had had a conversation with King. In view of the fact that King testified that he was unconscious during the time in question the jury might have believed that the testimony of the officer tended to contradict King, and impeach his credibility. Whatever King may have said in any such conversation, however, was irrelevant to this purpose, and would have had little, if any, value as impeaching evidence. The motions to strike were properly granted for this additional reason.

The next claim of error relates to the redirect examination of Officer Churchill with respect to a statement made to him by the truck driver. He was asked, "What did Bobby Johnson say to you as to the position of the other automobile when he first saw it? A. He said that the car was traveling east on 69th Street, ran through a boulevard stop at a high

rate of speed directly in his path." The court struck out some portion of the answer on the ground that it was not responsive, but the record does not show what part was stricken. Defendant contends that the question was proper upon redirect examination because plaintiff's counsel had opened up the subject upon cross-examination. The transcript reference given by defendant shows that the witness had been cross-examined by plaintiff's attorney about what Johnson had said as to when he first saw the automobile, and whether he had said "five feet"; and that in reply to this question the witness had answered, "I could not say about the five feet. He said the car shot out in front of him." The last portion of the answer was stricken out on motion and the jury was admonished to disregard it.

It is not urged by defendant that the self-serving statements of Johnson, made after the officers had arrived at the scene of the accident were admissible as part of the res gestae and we need not decide that question. The witness had twice volunteered statements as to what Johnson had said that were not called for by the questions, once on cross-examination and again on redirect examination. He was not asked as to what Johnson had said about the progress of the King car, but only as to its location. Immediately after the second ruling the witness was asked by defendant's attorney: "State to the Court and Jury what Bobby Johnson said to you relative to the position of the other automobile when he first saw it." An objection was overruled and the witness answered: "He said the car was immediately in front of him when he saw it." Johnson testified that he did not see the King car until he, Johnson, was entering the intersection, and again, that he was only 5 or 10 or perhaps 15 feet from the intersection when he first saw the car. He also repeatedly stated that the car was then coming through the stop sign at a very good speed. It is customary and approved practice for the court to strike out on motion voluntary statements of witnesses which are not responsive to the questions asked. We find no error in the rulings and no reason to believe that defendant was harmed by them.

Officer Churchill testified that he was of the opinion that King was in an intoxicated condition at the time he was placed in the ambulance. A motion was made to strike the testimony notwithstanding the failure of plaintiff's counsel to register an objection. The witness was then examined further. He stated that he based his opinion upon the

alcoholic breath and the stuporous condition of King. He was then questioned at some length by the court as to any tests he may have made to determine the question of sobriety, and it was brought out that he had made none. The court first denied a motion of plaintiff to strike out the testimony, but after discussion granted the motion. Whether the ruling related to the statement that King had an alcoholic breath, or only to the opinion the witness had expressed as to King's intoxication, cannot be determined from the record, but we infer that it was the intention to strike out the opinion that King was intoxicated and statements of the witness as to the facts upon which the opinion was based. If the ruling was erroneous, which we need not decide, it was harmless. Immediately following these proceedings the witness testified that he had had occasion to talk with and interview intoxicated persons during his service on the police force, and that he based his opinion that King was intoxicated upon his police experience, the stuporous condition of King and the odor of alcohol on his breath. Plaintiff's motion to strike out this testimony was denied, and this oblique statement of opinion by the officer remained in the record for the consideration of the jury. If error had been committed it would have been cured by the admission of the later testimony covering the same matters as that which was stricken. (See *Yates* v. *Morotti,* 120 Cal.App. 710, 719 [8 P.2d 519] ; *McCullough* v. *Langer,* 23 Cal.App.2d 510, 520 [73 P.2d 649] ; 2 Cal.Jur. § 608, p. 1022.)

During the court's questioning of this witness, he was asked whether King had been subjected to certain tests for intoxication, with which he (the witness) appeared to be familiar as a police officer. Defendant complains that this line of questioning tended to minimize the force of the officer's testimony. Undoubtedly it did tend to have this effect for the reason that it was developed that none of the customary tests was made. It is not contended that the questions would have been improper· if asked by counsel, but only that they should not have been asked by the court. We deem the criticism unfounded. The questioning was conducted fairly and impartially and elicited material facts to be taken into consideration in weighing the opinion expressed by the officer. If the result was that the opinion was entitled to little weight, it was a just result. ''It apparently cannot be repeated too often for the guidance of a part of the legal profession that a judge is not a mere umpire presiding over a contest of

wits between professional opponents, but a judicial officer entrusted with the grave task of determining where justice lies under the law and the facts between the parties who have sought the protection of our courts. Within reasonable limits, it is not only the right but the duty of a trial judge to clearly bring out the facts so that the important functions of his office may be fairly and justly performed. (*People* v. *Mendez,* 193 Cal. 39, 45-6 [223 P. 65] ; *People* v. *Butterfield,* 40 Cal.App.2d 725, 731 [105 P.2d 628] ; *People* v. *Salas,* 17 Cal.App.2d 75, 79 [61 P.2d 771] ; *Gerson* v. *Kelsey,* 4 Cal. App.2d 158, 163 [40 P.2d 543, 43 P.2d 266] ; *People* v. *Ottey,* 5 Cal.2d 714, 721 [56 P.2d 193].) '' (*Estate of Dupont,* 60 Cal.App.2d 276, 290 [140 P.2d 866].) ▮ Furthermore, it does not appear that any objection to this line of questioning, nor to the conduct of the trial court in the matter, was made at the trial, and it is too late to urge it as error for the first time on appeal. (*People* v. *Ottey,* 5 Cal.2d 714, 721 [56 P.2d 193] ; *Karwoski* v. *Grant,* 30 Cal.App.2d 171, 178 [85 P.2d 944] ; *People* v. *Jenkins,* 118 Cal.App. 115, 120 [4 P.2d 799].)

The judgment is affirmed.

Wood, J., and Vallée, J., concurred.