[Crim. No. 4406. Second Dist., Div. One. July 31, 1950.]

THE PEOPLE, Respondent, v. WILLIAM HENRY SANDERS, Appellant.

William Henry Sanders, in pro. per., for Appellant.

Fred N. Howser, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

WHITE, P. J.—In an information filed by the District Attorney of Los Angeles County, defendant was accused in counts I and II of the crime of robbery; in counts III and IV of the offense of kidnaping for the purpose of robbery; count V charged a violation of section 288a of the Penal Code; and count VI charged defendant with the crime of rape. It was also alleged that prior to the commission of the offenses charged, defendant was on or about September 7, 1948, convicted of a violation of section 503 of the Vehicle Code, a felony.

When the cause was called for trial, defendant personally, his counsel and the district attorney, stipulated that the case of the prosecution might be submitted on the transcript of the testimony adduced at the preliminary examination, with the added stipulation that all exhibits offered at said preliminary examination could be offered in evidence at the trial, and that both the prosecution and defendant could call any additional witnesses they desired. Defendant admitted the prior conviction pleaded in the information.

Following trial by the court defendant was found guilty of the offenses charged in counts I, II, V, VI, and not guilty as to counts III and IV. The court found the offenses charged in counts I and II to be robbery of the first degree.

From the judgments of conviction defendant prosecutes this appeal.

Regarding the factual background which gave rise to this prosecution, the record reflects that about 2 o'clock on the morning of January 23, 1949, defendant came into a hotel in the city of Los Angeles, at which James Brown, 75 years of age was acting as night clerk. Defendant used the telephone and then obtained change from the clerk for use in the cigarette machine. He explained to Brown that he was telephoning in regard to his automobile which had broken down. He sat

down in the lobby awhile and Brown sat at his desk, reading a book. Subsequently Brown was approached by defendant who had a gun in his hand. He ordered the clerk to get on the floor and thereupon took $1.50 from Brown's person. With a key he had removed from Brown's clothing, he opened the hotel money drawer and took $20 therefrom.

At this time Mrs. Toby Barton, a tenant, came into the hotel. At gunpoint defendant compelled Brown and Mrs. Barton to go into the boiler room in the rear, some 10 feet away. There defendant compelled Brown to lie on his back and ordered Mrs. Barton to disrobe, with which directions she complied. He then ordered Brown to kiss Mrs. Barton's privates, which he did. Defendant himself also kissed Mrs. Barton's privates, copulating his mouth with her sexual organ, as well as compelling her to do the same with him. Defendant then compelled Mrs. Barton to have sexual intercourse with him. During all of this time defendant kept the gun in his hand. When they first entered the boiler room, defendant with the aid of the weapon he was carrying, took Mrs. Barton's purse which contained $27. The foregoing testimony of Mr. Brown and Mrs. Barton was contained in the transcript of the testimony taken at the preliminary examination. These witnesses also testified at the preliminary examination that they recognized certain exhibits including a green felt hat, a brown suede pair of shoes and a green tweed overcoat that defendant was wearing at the time of the alleged offenses. They also testified that it was their belief that a weapon introduced into evidence was similar to the one used by defendant.

At the trial defendant took the witness stand in his own defense, denied committing any of the crimes charged against him and stated that at the time in question he was in the home of a Mrs. Anderson in another part of the city. He denied seeing the hotel clerk prior to the preliminary hearing and denied seeing Mrs. Barton prior to the ''showup'' at the San Francisco city jail about February 10, in which locale he was apprehended. He admitted that the clothing introduced into evidence was his and that some years prior he had seen the gun. He testified that on the night in question he was wearing a gabardine raincoat and no hat. Another witness for the prosecution testified that the defendant had come to live at his place early in January and remained there a short time, and that he would come in at odd hours of the night. The wit-

ness testified that the gun introduced into evidence "looks like" a gun belonging to the witness and which he had on the shelf in his closet at the time police officers obtained a gun therefrom.

In support of his contention that he was denied due process of law, appellant urges that the case against him was submitted on the transcript of the testimony taken at the preliminary examination. He concedes that such procedure was taken with his personal consent and that of his attorney and the district attorney.

Appellant relies upon the case of *People* v. *Wallin*, 93 A.C.A. 306 [208 P.2d 400], reversing a judgment of conviction where the case in the trial court was submitted on the transcript of the preliminary examination. However, in the cited case, a hearing was granted by the Supreme Court and the judgment of conviction was by that tribunal affirmed (*People* v. *Wallin*, 34 Cal.2d 777 [215 P.2d 1]). The Supreme Court held that the right of an accused to be confronted by witnesses at his trial, "whether reserved in the Constitution or in statutes, may be waived." That where, as here, the attorney for the accused cross-examined the prosecution's witnesses at the preliminary hearing in the defendant's presence, and thereafter, the latter waived his right of confrontation during his trial by stipulation that the People's case be submitted upon the transcript of the preliminary hearing, he "has not been deprived of his rights under the United States Constitution."

In urging the next ground for a reversal, appellant concedes that if the testimony of the prosecution witnesses at the preliminary hearing, in the case at bar, "presented a true picture of the offenses charged, there was sufficient evidence to sustain the judgments of conviction." However, he contends that the trial court failed to consider "the difficulty encountered by white people in distinguishing one Negro from another . . .." Appellant points out that he is colored and that the two white prosecution witnesses "excited, badly frightened and in fear of their lives—would have experienced great difficulty in differentiating between one Negro and another." Defendant refers to the direct conflict in the testimony between the prosecution witnesses and himself in that he testified he was at the home of a Mrs. Anderson at the time of the commission of the offenses.

This contention of appellant was fully considered and determined against him in *People* v. *Alexander*, 92 Cal.App.2d 230, 234 [206 P.2d 657], wherein this court said: "On the

question of identification of the perpetrator of the crime, it has been repeatedly held by the courts of this state that such a question is essentially one for determination by the triers of fact, and that their verdict or decision will not be set aside unless the appellate court can say as a matter of law that there was no substantial evidence to support the conviction (*People* v. *Ash,* 88 Cal.App.2d 819, 825 [199 P.2d 711]; *People* v. *Farrington,* 213 Cal. 459, 463 [2 P.2d 814]; *People* v. *Hightower,* 40 Cal.App.2d 102, 106, 107 [104 P.2d 378]). Unless it can be said that the evidence of identity was so weak as to constitute practically no evidence at all, an appellate court is not entitled to set aside a jury's finding of guilt (*People* v. *Braun,* 14 Cal.2d 1, 5 [92 P.2d 402]). In the instant case appellant has not met the burden imposed upon her to show that the identification evidence is inherently unbelievable. The claimed inconsistencies and uncertainties in the testimony of the prosecuting witness were matters which should have been directed to the attention of the jury, and cannot be urged upon appeal (*People* v. *Skaggs,* 80 Cal.App.2d 83, 97 [191 P.2d 390]; Code Civ. Proc., § 1847).

"What we have just said is equally applicable to the testimony in support of appellant's defense of alibi. The jury was authorized to stamp this testimony as false."

█ Appellant urges us to give consideration to the fact that Mrs. Anderson, at whose home he testified he was at the time the offenses in question were committed, was not called as a witness. In this regard he states in his brief that he "admits his error in permitting his misguided sense of chivalry or judgment or whatever it may be termed in failing to call said Mrs. Anderson, a willing witness, to the stand. Appellant can only state to this Honorable Court that he felt that since he was in fact an innocent man, he could not in his wildest moment conceive actually of being found guilty, and thus advised Mrs. Anderson against submitting herself to the disgrace of testifying in his behalf."

Appellant was at all times represented by counsel, both at the preliminary examination and at his trial. After hearing the testimony against him at the preliminary examination he must have realized the extreme seriousness of the charges made against him. At his trial, the process of the court was available to him to produce witnesses in his behalf. No claim is made that appellant was denied the right to produce the witness in question or that he requested his attorney or the

court to secure the presence of the witness. In fact, he concedes that the failure to subpoena the witness was attributable to himself alone. Therefore, he cannot now be heard to complain.

Finally, appellant urges that ''the court showed itself partisan to the People's cause in its concern for proof of the corpus delecti.'' This complaint is occasioned by what transpired at the preliminary hearing, and (pursuant to the foregoing stipulation) was read into the record at the trial, when the court indicated to the district attorney that more proof than ''a kissing of the private parts'' must be produced; that ''the courts have held that you have to prove a copulation.'' We find no merit in this claim of appellant. It was the function of the committing magistrate to determine whether there was sufficient evidence to hold appellant to answer. A reading of the record at once indicates that the court was clearly attempting to clarify the testimony. As was said in *Estate of Dupont,* 60 Cal.App.2d 276, 290 [140 P.2d 866], ''. . . a judge is not a mere umpire presiding over a contest of wits between professional opponents, but a judicial officer entrusted with the grave task of determining where justice lies under the law and the facts between the parties who have sought the protection of our courts. Within reasonable limits, it is not only the right but the duty of a trial judge to clearly bring out the facts so that the important functions of his office may be fairly and justly performed. (*People* v. *Mendez,* 193 Cal. 39, 45-6 [223 P. 65]; *People* v. *Butterfield,* 40 Cal.App.2d 725, 731 [105 P.2d 628]; *People* v. *Salas,* 17 Cal.App.2d 75, 79 [61 P.2d 771]; *Gerson* v. *Kelsey,* 4 Cal.App.2d 158, 163 [40 P.2d 543, 43 P.2d 266]; *People* v. *Ottey,* 5 Cal.2d 714, 721 [56 P.2d 193].) For the same reason the trial judge is not to be unduly or unreasonably hampered in his control and conduct of the trial. (*Commercial U. A. Co.* v. *Pacific G. & E. Co.,* 220 Cal. 515, 525 [31 P.2d 793].)''

We are satisfied from a reading of the entire record of the proceedings had at the preliminary examination that the magistrate did not exceed the proper bounds either in seeking to elicit the full facts or in attempting to clarify the record. Furthermore, no objection was interposed to the magistrate's conduct. Aside from the well recognized rule that ordinarily a claim of misconduct on the part of a trial judge will not be considered on appeal unless the claiming party by appropriate objection or assignment, gave the court below an opportunity

to correct the alleged error, we are satisfied that appellant suffered no prejudice at his trial because of the aforesaid actions of the committing magistrate.

For the foregoing reasons, the judgment is affirmed.

Doran, J., and Drapeau, J., concurred.