Timothy **MARTINETTO**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 22066.

United States Court of Appeals
Ninth Circuit.

March 14, 1968.

Mario P. Gonzalez, Montebello, Cal., for appellant.

William Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief, Criminal Division, William J. Gargaro, Jr., Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and HAMLEY, Circuit Judges, and FOLEY,* District Judge.

HAMLEY, Circuit Judge:

Timothy Martinetto, classified in the Selective Service System as I–O (conscientious objector opposed to combatant or noncombatant service in the Armed Forces), failed to obey an order of his local board to appear before it to receive instructions to report to the Los Angeles County Department of Charities. He was indicted for having knowingly failed to report to the board in violation of section 12(a) of the Universal Military Training and Service Act (Act), 62 Stat. 622 (1948), 50 U.S.C. App. § 462(a) (1964). After a jury trial, Martinetto was convicted and sentenced, and takes this appeal.

Martinetto registered with Local Board No. 114, Downey, California, on July 17, 1961. In his classification questionnaire, filed on February 28, 1964, he indicated that, as a member of Jehovah's Witnesses, he was a conscientious objector. On March 11, 1964, Martinetto filed with the local board a completed special form for conscientious objectors in which he certified that he had been associated with Jehovah's Witnesses all his life and that he "became a minister in 1957 by water immersion."

In this document, Martinetto did not seek a IV–D classification (minister of

* Honorable Roger D. Foley, United States District Judge for the District of Nevada, sitting by designation.

religion or divinity student), but claimed an exemption which would have been satisfied by a I–O classification. However, there was attached to this form a petition signed by many persons, reciting that all the signers recognized Martinetto as a duly ordained minister of religion of Jehovah's Witnesses, and asking that he be classified as such. On March 12, 1964, Martinetto was classified I–A.

The agency proceedings which took place between then and March 10, 1966, are immaterial for the purposes of this appeal. On the latter date, Martinetto appeared before the local board for a personal interview. During this interview Martinetto did not request a IV–D classification but, in answer to a board question as to his goal in life, replied: "I want to be a minister." Martinetto did not tell the board that he was then spending any time performing duties as a minister of religion, but stated that he was then spending about forty-five hours a month on "religious work." He further advised the board that he was not a "pioneer" of the Jehovah's Witnesses, but said that he would not accept work in the national safety or health interest in lieu of induction.

Following this interview, Martinetto was again classified I–A by his local board. He appealed this classification to the Appeal Board but did not indicate therein what other classification he believed he was entitled to. At his trial, Martinetto's counsel advised the district court that the purport of the appeal to the Appeal Board was to ask for a I–O classification. On June 16, 1966 the Appeal Board, by a vote of three to nothing, classified Martinetto as I–O. On June 29, 1966, he sought to appeal from that determination, but since the Appeal Board vote had been unanimous, the only available agency appeal procedure had been exhausted. See 32 C.F.R. § 1627.3.[1] The agency procedures which occurred between June 29, 1966 and September 27,

1966, when Martinetto refused to report for instructions, are immaterial for the purposes of this appeal.

At his trial, Martinetto took the witness stand and testified at length concerning the facts which, in his view, should have led the local board or the Appeal Board to classify him as IV–D rather than I–O. But finally the Government objected to this line of testimony on the ground that it lacked materiality. The trial court upheld this objection, in effect ruling that the validity of the classification was a question of law for determination by the judge on the agency record, and that the only question for the jury to decide was whether Martinetto had knowingly refused to report for civilian work pursuant to a I–O classification.

The court thereafter instructed the jury that it was not to pass upon the validity of the I–O classification and advised the jury, as a matter of law, that the I–O classification of Martinetto was valid. The jury verdict represents a finding by the jury that Martinetto did knowingly refuse to report for civilian work pursuant to that classification.

On this appeal, Martinetto's principal contention appears to be that the trial court erred in excluding from the jury the question of whether the I–O classification was valid and in curtailing Martinetto's proffered evidence upon that issue.

█ The trial court did not err in this regard. The validity of a classification presents a question of law for determination by the judge. The sole issue for the jury's determination is whether the individual under indictment knowingly refused to report for a civilian work assignment upon being ordered to do so. See Reed v. United States, 9 Cir., 205 F.2d 216, 217; United States v. Jackson, 4 Cir., 369 F.2d 936, 939.

---

1. Had one member of the Appeal Board dissented from the I–O classification, Martinetto, under that regulation, would have had an appeal to the President of the United States, unless precluded by the fact that the Appeal Board gave Martinetto the classification he requested—a matter which we do not decide.

348

Martinetto cites Daniels v. United States, 9 Cir., 372 F.2d 407 and other cases for the proposition that once administrative remedies have been exhausted, one charged with failing to report for civilian work under a I–O classfication has an absolute right to judicial review as to the validity of the classification. So he has, and Martinetto had such a review in this case. But the question now under discussion is whether it is the judge or the jury which reviews the validity of the classification. Neither the *Daniels* case nor any of the other cases cited by Martinetto deal with that problem.

█ Martinetto does not appear to directly challenge the trial court's determination that the I–O classfication is valid. Assuming, however, that this question is raised on this appeal, we hold that the trial court correctly determined that question of law. As the agency record reveals, this classification rests upon a basis in fact, to apply the test of Estep v. United States, 327 U.S. 114, 122, 66 S.Ct. 423, 90 L.Ed. 567, and the administrative procedure prescribed by the statutes and regulations was followed in every respect.

In the latter connection, Martinetto argues that he had been erroneously denied agency action on his appeal from the Appeal Board classification of I–O. However, Martinetto did not seek a reopening of his classification by the local board, based on changed circumstances, as he might have done under 32 C.F.R. § 1625, assuming that there actually had been changed circumstances. Nor was his last attempted agency appeal an effort, under 32 C.F.R. § 1626, to obtain Appeal Board review of a local board classification. The determination which he then sought to have reviewed was not that of his local board, but the I–O classification ordered by the Appeal Board.

As noted earlier in this opinion, opposite footnote 1, such an appeal may be taken only pursuant to 32 C.F.R. § 1627, and under that regulation may be taken only when there is a dissenting vote on

the Appeal Board concerning the classification sought to be reviewed. Here the Appeal Board acted unanimously in setting the I–O classification and hence no administrative review of that action was available. Moreover, as stated in footnote 1 above, it is questionable whether he would have had standing to take such an appeal even had there been a dissenting vote on the Appeal Board, inasmuch as that Board gave Martinetto the classification he requested.

Affirmed.