**UNITED STATES of America,**
**Appellee,**

v.

**Anthony Dennis RAMOS, Defendant,**
**Appellee,**
**No. 7252.**

United States Court of Appeals
First Circuit.

July 14, 1969.

744

Seth K. Gifford, Providence, R. I., by appointment of the Court, for appellant.

Frederick W. Faerber, Jr., Asst. U. S. Atty., with whom Edward P. Gallogly, U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

This is an appeal from a conviction under the Military Selective Service Act of 1967, 50 U.S.C. App. § 462(a). Appellant, Anthony Dennis Ramos, was found by a jury to be guilty of failing to comply with an order of his draft board to report for induction. Appellant argues that, despite his failure to appeal administratively from his draft board's refusal to reclassify him I–O, the failure of the board to give him any notice of its decision other than a new I–A notice of classification entitles him now to challenge the existence of a "basis in fact" for the board's action. He contends also that his motion for a new trial should have been granted because of allegedly improper conduct of the trial judge.

We face, however, a crucial inquiry before these arguments can be considered: namely, has appellant properly preserved these points for appeal in this court?

The chronology of relevant proceedings in the district court is as follows: On July 1, 1968 appellant moved that the indictment be dismissed on the grounds of "arbitrary and capricious" denial of his conscientious objector classification and inadequate notice regarding the denial of his claim. On July 15, 1968 the court held an evidentiary hearing and on the same date denied the motion to dismiss.[1] On August

---

1. Questions regarding the validity of appellant's classification should have been raised as a defense at the trial rather than by a motion to dismiss the indictment. United States v. Fargas, 267 F. Supp. 452 (S.D.N.Y.1967). While appellant has waived his argument that the trial court erred in refusing to admit evidence regarding the validity of his classification before the jury, we observe that this argument, even if not waived, could not be considered since appellant failed

2 appellant was tried and found guilty. On August 9, 1968 appellant moved for a new trial on the ground that the court was not impartial in that in a conference in chambers it stimulated the prosecution to introduce specific evidence bearing on defendant's intent. The district court, after hearing, denied the motion on October 4, 1968. The court entered judgment on the same date. On October 9, 1968 appellant appealed to this court; his Notice of Appeal specified that the order appealed from was the "[d]enial of defendant's motion for a new trial entered by the Court on October 4, 1968."

▇ The Notice of Appeal "shall designate the judgment, order or part thereof appealed from * * *." Fed. R.App.P. 3(c). Since the rules are to be liberally construed, exceptions should be allowed when circumstances clearly reveal that a party intended to appeal from a final judgment as well as from the order denying a motion. Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L. Ed.2d 222 (1962); 9 Moore's Federal Practice § 203.18. No such circumstances exist in the present case. Appellant never filed an appeal from the final judgment in this case. The basis for his motion for a new trial as described in his brief, was "a conference that occurred in court chambers between the Judge and Counsel for both parties and the court reporter." This conference did not deal with issues concerning the legality of his Selective Service classification and processing, but with the allegedly improper conduct of the trial judge which we discuss, *infra*. Indeed, issues concerning the legality of Selective Service procedures would not have been proper grounds for a new trial since they did not stem from errors occurring

during the trial. Fed.R.Crim.P. 33; 8A Moore's Federal Practice § 33.02[1].

We dislike seeing cases so important to the individuals involved disposed of on technical grounds. On the other hand, if we could overlook the requirement of an appeal from final judgment in one case, we could in all cases and we could similarly disregard other equally important procedural rules.

▇ In fact we cannot retroactively open a channel of appeal which has long been closed. We therefore cannot consider appellant's arguments addressed to improper classification and lack of notice of his draft board's refusal to classify him I–O.[2]

Coming to the issue raised by the motion for new trial, appellant asserts that "[t]he whole tenor of the conference in chambers went beyond the bounds of impartiality" and "placed the judge in the role of a prosecutor * * * to intervene for the purpose of insuring a certain result—namely to make sure the case was not reversed by the appellate court." Specifically, the trial judge called the parties into chambers and expressed concern that the government had not presented sufficient evidence on the question of intent. The court noted that, as brought forth in the hearing on the motion to dismiss the indictment, appellant had returned a letter of August 10, 1968 sent to him by his draft board and had written on it that "I said more than I will not be able [to report for induction at the local board]! I said I wouldn't and I gave reasons read it again." The court said that it regarded this letter as indicating a man "dogmatic and unwavering in his attitude" and as part of "a wealth of testimony presented at the hearing on the motion as to * * * his absolute re-

---

to appeal from the final judgment. *See infra.* Moreover, this defense has traditionally been regarded as presenting a determination for the judge rather than the jury. *See, e. g.,* Martinetto v. United States, 391 F.2d 346 (9th Cir. 1968).

**2.** There are other difficulties. In our view the transcript of the hearing concerning

dismissal of the indictment should not have been certified as part of the record on appeal. On the other hand, appellant's Selective Service file which was admitted during this hearing and which would have been essential if we were able to consider the classification issue was not made part of the record on appeal.

fusal to come, his frame of mind and determination that he would not be inducted * * *." The court also remarked that, at the trial, in contrast to the hearing, "we have the flimsiest of cases possible presented * * *." Although not instructing the government to do so, the court suggested that the government might want to reopen its case and present the letter. The government heeded the court's suggestion and the letter was admitted over objection.

█ We face another procedural barrier to the consideration of this contention. Appellant's argument concerning the trial judge's conduct should have been raised by an appeal from the final judgment, rather than appeal from the denial of the motion for a new trial. Gray v. United States, 112 U.S.App.D.C. 86, 299 F.2d 467 (1962); *see also* United States v. Bertone, 249 F.2d 156, 161 (3d Cir. 1957) and Crowe v. DiManno, 225 F.2d 652, 659 (1st Cir. 1955). In addition, appellant's failure to move for a judgment of acquittal [3] would seem to preclude us, assuming that the issue of the judge's conduct were properly before us, from considering whether the government's case lacked sufficient evidence prior to its being reopened, i.e., whether there was prejudice. Ortiz-Jiminez v. United States, 393 F.2d 720 (9th Cir. 1968); *cf.* Home Ins. Co. of New York v. Davila, 212 F.2d 731 (1st Cir. 1954).

█ Even were this issue properly before us, we would not deem the course of conduct outlined above as improper or as indicative of bias. The trial judge was careful to shield his comments from the jury. His function was not merely that of an umpire, but to bring forth all relevant facts. Suggestions made by trial judges to prosecutors concerning elements of proof and appropriate lines of inquiry have often been held proper, even when made in the presence of the jury. Carrado v. United States, 93 U.S.App.D.C. 183, 210 F.2d

712, 722 (1953), cert. denied, Atkins v. United States, 347 U.S. 1018, 74 S.Ct. 874, 98 L.Ed. 1140 (1954); United States v. Laurelli, 187 F.Supp. 30, 35 (M.D.Pa.1960), aff'd, 293 F.2d 830 (3d Cir. 1961), cert. denied, 368 U.S. 961, 82 S.Ct. 406, 7 L.Ed.2d 392 (1962).

Affirmed.

---

3. Appellant failed to move for a judgment of acquittal based on insufficiency of the evidence, both at the end of the government's original case and again at the end of the defense case.