**UNITED STATES of America**
v.
**Steven Louis SHELLY.**
**Crim. A. No. 70–236.**

United States District Court,
E. D. Pennsylvania.
Aug. 4, 1971.

Louis C. Bechtle, U. S. Atty., Barry W. Kerchner, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Harry Lore, Philadelphia, Pa., for defendant.

## OPINION AND ORDER

BODY, District Judge.

Steven Louis Shelly was indicted on April 16, 1970 for refusing to report for induction into the armed forces in violation of the Selective Service Act, 50 App. U.S.C. § 462. Defendant has filed three motions with this Court; we will dispose of them in the following order:

(1) Motion to dismiss the indictment

(2) Motion for a bill of particulars

(3) Motion for discovery

With respect to his motion to dismiss under Fed.R. Crim.P. 12(b), defendant argues first that this Court can consider procedural irregularities—in this case the validity of the induction order issued to registrant Shelly—on the motion to dismiss. He then argues, in his initial memorandum of law and later letters and memoranda submitted to us both before and after the decision of the Third Circuit in Scott v. Commanding Officer, 431 F.2d 1132 (3d Cir.1970), that the failure of the local board to state its reasons for denying registrant's

request for C.O. classification must, under the *Scott* holding, vitiate the legality of his induction order and should result in the dismissal of this indictment.

■ We do not doubt the force of registrant's substantive argument concerning the effect of the *Scott* decision to the facts of this case. See United States v. Stephens, 445 F.2d 192 (3d Cir.1971); United States v. Crownfield, 439 F.2d 839 (3d Cir.1971); United States v. Speicher, 439 F.2d 104, (3d Cir.1971). But we do feel bound by the prior decisions in this district that have held that such matters are not open to this Court's consideration on a motion to dismiss. United States v. Winer, 323 F.Supp. 604 (E.D. Pa., 1971); United States v. Zickler, Crim. No. 70–234 (E.D. Pa., January 11, 1971).

Registrant cites several cases to support his argument that procedural matters can be considered on a motion to dismiss. See, e.g., United States v. Stewart, 306 F.Supp. 29 (N.D.Cal.1969); United States v. Haffner, 301 F.Supp. 828 (D.Hawaii 1969); United States v. Seeley, 401 F.Supp. 811 (D.R.I.1969). Clearly the most persuasive of these cases is *Seeley*, where Judge Pettine has carefully discussed the use of the motion to dismiss in Selective Service prosecutions. He concludes that:

> The breadth of Rule 12(b) (1) permits a motion to dismiss a 50 U.S.C. App. Sec. 462(a) indictment to be made, as a procedural matter, to the Court when the defendant is attacking the classification process. Such a ruling is in my view a time-saving and fair procedure which admirably comports with the function of the courts in reviewing Selective Service System decision-making.

301 F.Supp. 811, 813. We must note, however, that the impact of this opinion was considerably weakened by the First Circuit decision in United States v. Ramos, 413 F.2d 743 (1969). In *Ramos*, decided after *Seeley*, the Court of Appeals noted that questions concerning the validity of appellant's classification should have been raised as a defense at trial rather than by a motion to dismiss. 413 F.2d 743, 744 n. 1 (1st Cir. 1969).

United States v. Zickler, supra, is much like our own case. Zickler's claim concerning the invalidity of an induction order was founded on the *Scott* decision and he moved to dismiss the indictment. Judge Luongo there noted that such a motion is not a device for "summary trial of the evidence since its sole function is to test the sufficiency of the indictment [on its face] to charge an offense." *Zickler*, Slip Opinion at 2. The indictment is valid if it is a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 7(c). We find that the indictment here is "sufficient to inform the defendant of the nature of the charge against which he must defend himself; to protect him against double jeopardy; and to enable the court to determine whether the facts alleged are sufficient in law to withstand a motion to dismiss or to support a conviction." United States v. Fargas, 267 F.Supp. 452, 454 (S.D.N.Y.1967). As both Judges Luongo and Huyett have held, see *Zickler* and *Winer*, supra, questions as to the validity of the induction order are matters of defense properly raised at the time of trial.

Defendant has also moved for a bill of particulars under Fed.R.Crim.P. 7(f). We consider his seven requests separately.

(1) The names, ages, addresses, years of service, and military affiliation, of each member of Local Board No. 109, 333 DeKalb Steet, Norristown, Pennsylvania, for the years 1964 through 1968.

■ We grant defendant's request, noting that the government has agreed to supply this information with the exception of the addresses of each member of Local Board No. 109. The home addresses of the members of Local Board No. 109 shall, at the start of the trial, be delivered to the court for its inspection in camera for such disposition as the court shall then determine. United

States v. Branigan, 299 F.Supp. 225 (S. D.N.Y.1969).

■ (2) The specific order of call by which defendant was called into military service.

We shall grant defendant's request to the extent that this information is available.

■ (3) The reason for denying defendant's request to reopen his classification.

This request is denied. Parenthetically, we note that should defendant rely for his defense on the *Scott* decision, such information would be unnecessary to his case.

■ (4) The number of appeals heard by the Appeals Board to which defendant appealed on March 19, 1968, at the time defendant's appeal was considered.

This request is granted to the extent that such information is available.

(5) State whether a quorum of the Local Board was present on each occassion when defendant's classification and request for reclassification was considered.

This information is contained in defendant's Selective Service file, which is being made available for inspection and copying pursuant to defendant's motion for discovery, discussed below.

[6] (6) The general nature, time and place of defendant's failure, neglect and refusal to submit to induction.

(7) Each rule, regulation and direction referred to in the indictment.

Both of these above requests are granted in accord with United States v. Branigan, supra.

■ Defendant has also moved for discovery and inspection of certain materials under Fed.R.Crim.P. 16. Since the government is willing to supply or make available for inspection this requested material, we will grant defendant's motion to the extent that such information he requested is, in fact, available.

ORDER

And now, this fourth day of August 1971, it is ordered that:

■ Defendant's motion to dismiss the indictment in this prosecution is DENIED.

■ Defendant's request for a bill of particulars is GRANTED subject to the following terms and conditions:

To the extent that such information is available, the government shall supply or make available for copying to defense counsel:

(a) The names, ages, years of service and military affiliation of each member of Selective Service Local Board No. 109, 333 DeKalb Street, Norristown, Pennsylvania, for the years 1964 through 1968. The home addresses of the members of Local Board No. 109 for the period 1964 through 1968 shall, at the start of the trial, be delivered to the Court for its inspection in camera.

(b) The specific order of call by which defendant was called into military service.

(c) The number of appeals heard by the Appeals Board to which defendant appealed on March 19, 1968, at the time defendant's appeal was considered.

(d) The general nature, time and place of defendant's failure, neglect or refusal to submit to induction.

(e) Each rule, regulation and direction referred to in the indictment.

■ Defendant's request for discovery is GRANTED subject to the following terms and conditions.

The government shall supply or make available for copying either at the United States Attorney's Office in Philadelphia, or at the offices of Selective Service Local Board No. 109 in Norristown, Pennsylvania, or at such place and in such manner as agreed upon by counsel within the next sixty (60) days, the fol-

lowing material to the extent that such material is available:

(a) Defendant's Selective Service file.

(b) Any statement of defendant that the government has in its possession, custody or control.

(c) A list of registrants at Local Board No. 109 who were subject to selection and an order to report pursuant to 32 C.F.R. § 1631.7, following the Board's receipt of the Notice of Call (SSS Form 201) under which defendant was notified to report for induction. The list of registrants shall be in the order in which the registrants were so subject down to and including defendant.

(d) The Delivery List (SSS Form 261) prepared by the Local Board No. 109 pursuant to 32 C.F.R. § 1632.5, in response to the Notice of Call of registrants at Local Board No. 109, which includes defendant's name.

(e) The minutes of Local Board No. 109 and the Appeals Board Docket Book entries (SSS Form 121) insofar as they relate to defendant, except to the extent that they are presently part of defendant's file.