602 P.2d 501

**The STATE of Arizona, Appellee,**

**v.**

**William Ray TUCKER, Appellant.**

**No. 2 CA–CR 1769.**

Court of Appeals of Arizona, Division 2.

Sept. 21, 1979.

Rehearing Denied Oct. 24, 1979.

Review Denied Nov. 6, 1979.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Diane M. Ramsey,. Asst. Attys. Gen., Phoenix, for appellee.

Richard S. Oseran, Pima County Public Defender by Lawrence H. Fleischman, Asst. Public Defender, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant's probation was revoked and the trial court, inter alia, placed him on probation for 10 years, ordered that he be confined in the Pima County Jail for one year, and that he make restitution to the victim of the crime and to Pima County for the cost of extraditing him from Wisconsin.

The original petition to revoke probation alleged appellant violated conditions Nos. 4 and 5 of his written conditions of probation in that he left Amity House Drug Therapeutic Community without the permission of any authorized staff member of that program or his probation officer. Approximately two months later, the state filed an amended petition to revoke. It stated that appellant violated condition No. 1 in that he committed the offense of criminal damage of property, a charge reduced from burglary, while in Racine, Wisconsin, and while on absconder status from the Pima County Superior Court jurisdiction. The amended petition made no reference to the allegations set forth in the original petition to revoke.

Condition No. 1 of the written conditions states that appellant shall obey all city, state and federal laws. After hearing the evidence, the trial court, over appellant's objections, found that he had violated Condition 5B of the written conditions which states that he shall not leave Pima County, or the State of Arizona or change his residence without the prior approval of his probation officer.

Appellant contends that he was denied due process of law when the trial court revoked his probation based upon violation of Condition 5B since the amended petition did not put him on notice of that charge. He also alleges that the trial court was not fair and impartial, a further deprivation of due process. His final contention is that the state failed to prove, by a preponderance of the evidence, that he had received a copy of the original conditions of probation. We affirm.

**122**

■ It is clear that the amended petition to revoke probation superseded the original petition. Cf. *State v. Martin,* 2 Ariz.App. 510, 410 P.2d 132 (1966); *Collins v. Streitz,* 47 Ariz. 146, 54 P.2d 264 (1936); 71 C.J.S. Pleading § 321. The amended petition alleges that appellant had absconded from the jurisdiction of the Pima County Superior Court. It is obvious that the state intended to prove this allegation. Therefore, appellant had notice of the factual conduct which the state was relying upon to revoke his probation and the due process requirements were met.

■ Appellant contends he was denied a trial by a fair and impartial tribunal because the trial court, after the state had rested, asked the prosecutor to reopen the state's case in order to determine whether or not appellant had received a copy of the written conditions of probation. We do not agree.

Contained in the American Bar Association Project on Standards for Criminal Justice, ABA Standards, The Function of the Trial Judge Sec. 1.1(a) (1972) declares:

"The trial judge has the responsibility for safeguarding both the rights of the accused and the interest of the public in the administration of criminal justice. The adversary nature of the proceedings does not relieve the trial judge of the obligation of raising on his own initiative, at all appropriate times, and in an appropriate manner, matters which may significantly promote a just determination of the trial."

Case law supports the standard set forth by the American Bar Association. In *Burns v. California Milk Transport,* 89 Cal.App.2d 70, 200 P.2d 43 (1978) the court stated:

"It apparently cannot be repeated too often for the guidance of a part of the legal profession that a judge is not a mere umpire presiding over a contest of wits between professional opponents, but a judicial officer entrusted with the grave task of determining where justice lies under the law and the facts between the parties who have sought the protection of our court. Within reasonable limits, it is not only the right but the duty of a trial judge to clearly bring out the facts so that the important functions of his office can be fairly and justly performed." 200 P.2d at 47.

In *United States v. Ramos,* 413 F.2d 743 (1st Cir. 1969) where the trial court told the prosecution that it had a flimsy case and suggested that it might want to reopen its case to present certain evidence, the court, in upholding the action of the trial judge stated:

"His function was not merely that of an umpire, but to bring forth all relevant facts. Suggestions made by trial judges to prosecutors concerning elements of proof and appropriate lines of inquiries have often been held proper, even when made in the presence of the jury." 413 F.2d at 746.

The trial court here, in requesting the state to reopen the case acted fairly, impartially, and within its responsibility for safeguarding both the rights of the accused and the interest of the public.

■ We are unable to agree with appellant's contention that the evidence did not show that he had violated his conditions of probation by fleeing from the jurisdiction of the Pima County Superior Court. He left Pima County, Arizona without the approval of his probation officer, which is absconding from the jurisdiction of the Pima County Superior Court.

■ Mr. Charles Moffitt of the Pima County Adult Probation Department testified he gave a copy of the conditions either to the appellant or to his attorney and that it is the practice to hand the defendant a copy of the conditions when he is placed on probation. There was no testimony to refute the testimony of the probation officer. Contrary to appellant's contention there was proof that he had received a written copy of the conditions of probation.

Affirmed.

RICHMOND, C. J., and HATHAWAY, J., concur.