[Crim. No. 5093. Second Dist., Div. Two. Feb. 18, 1954.]

THE PEOPLE, Respondent, v. MANUEL RIVERA, Appellant.

Cletus J. Hanifin for Appellant.

Edmund G. Brown, Attorney General, and James D. Loebl, Deputy Attorney General, for Respondent.

MOORE, P. J.—Convicted of assault with intent to commit robbery (Pen. Code, § 220), appellant demands a reversal of his sentence and of the judgment on the ground of (1) insufficiency of the evidence and (2) the court's rejection of requested instructions.

There is no want of inculpating proof. By the prosecutrix it was established that having left her work at 2 a. m. she rode a street car homeward bound and arrived at Avenue 54 about 3:30 o'clock. As she proceeded along that street, two automobiles halted at the curb in front of her. As she saw defendant about 12 feet from her, he hailed her with the inquiry, "Hi, doll. Where are you going?" Although she made no reply and continued in silence, he struck her down with a blow on the chin. As he closed his hands around her throat she emitted a scream which brought forth the occupant of a nearby home, and a passing motorist stopped to inquire. The bandit took an amatite ring from her left hand and speedily departed. But he left traces of his recent presence. The young woman suffered from injuries, bruises and abrasions to her neck and chin, and soreness over her entire body.

The witness Charleston, motorist, testified that she related her experience; that he took notice of the license number on the black coupé as 1V26813 and conveyed her to the Highland Park Police Station. He observed the bruises on her neck and testified that the photographs exhibited to him in court were of the coupé from which he had taken the license number at the scene of the crime.

Officer Lehman met the prosecutrix at the police station, saw the bruised spots on her neck and arm. He testified that he and three other officers, having completed a vain search of the vicinity of the attack, drove to the street address recorded on the license; that on failing to find the car, they patrolled the vicinity and found it parked, still hot, in front of an apartment house on Brooklyn Avenue; that on entering the building they found appellant still up and dressed at 5:15 a. m. with two adults and some children present; that appellant and one Salazar were taken to the city hall by other officers. The witness escorted the victim of the attack to the city hall; as they passed along a corridor, she told him and his partner that the man who had attacked her on the street was in the room with its door open; they arranged six men together to have her observe them; she identified appellant as the man who had knocked her down and removed the ring from her finger.

Such testimony is in no respect lacking in the proofs essential to a conviction. The victim of the crime positively identified him as her assailant. Mr. Charleston and the two officers observed the bruises on her throat and elbow. Mr. Charleston took the license number on the coupé as it stood on Avenue 54 and it was found about two hours later seven miles distant standing in front of the apartment where appellant was found. It was registered in the name of his friend. The facts that it had moved such a distance and was still warm, and appellant was still out of bed are additional proof of his guilt. (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].)

The assignment that the court prejudicially erred in refusing to give the instructions on circumstantial evidence affords no ground for reversal. Not an instruction offered by either party and rejected is found in either transcript. ■ When an appellant intends to seek reversal on a question concerning instructions rejected, it is incumbent on him to cause them to be included in the record. (*People* v. *Brickman,* 119 Cal. App.2d 253, 264 [259 P.2d 917]; *People* v. *Frye,* 117 Cal.App. 2d 101, 108 [255 P.2d 105]; rule 33 (b), Rules on Appeal; 4 Cal.Jur.2d 441.)

■ But conceding appellant's right to raise the question here, he is reminded that where the proof is not entirely circumstantial, it is not error to refuse an instruction requiring the jury to adopt that interpretation which would "admit

of defendant's innocence and to reject that which would point to the guilt of the accused." (*People* v. *Savage,* 66 Cal. App.2d 237, 247 [152 P.2d 240].)

The sentence is nonappealable, and the purported appeal therefrom is dismissed.

The judgment is affirmed.

McComb, J., and Fox, J., concurred.