[Crim. No. 2839.   Third Dist.   Jan. 20, 1959.]

THE PEOPLE, Respondent, v. MARGARET COOK et al., Appellants.

John L. Briscoe, Public Defender (San Joaquin), and Robert N. Chargin, Deputy Public Defender, for Appellants.

No appearance for Respondent.

PEEK, J.—This is an appeal from a judgment of conviction for grand theft, and from the order of the trial court denying defendants' motion for a new trial.

The defendants, Margaret and Fred Cook, operated a travel agency in the city of Lodi known as the Lodi Travel Service. The record contains a great amount of testimony regarding the relationship between the defendants and Air France International Air Lines and the desires of defendants to have Air France sponsor their membership in the International Air Travel Association, known as I.A:T.A., thereby entitling them to receive commissions on the sale of air transportation on lines operated by Air France. Mr. DeCabrol, District Manager for Air France, explained that until defendants

became members of the I.A.T.A. they could not receive commissions, but once they became members they would receive commissions retroactively. Following discussions between defendants and DeCabrol, an oral agreement was entered into whereby the defendants would be permitted to sell Air France service to their clients. The arrangement between the parties provided that the defendants would notify Air France when a local client wished passage on the latter's facilities. Air France would then forward the requested ticket made out in the passenger's name. The defendants would deliver the ticket to the customer, collect the price of the ticket and remit the same in its entirety to Air France. It should be noted, however, that the agency was permitted to draw its own check for the amount of the ticket for remission to Air France.

In July of 1957, a Mrs. John Precissi made arrangements with the defendants for herself and friends for a tour of Europe. A portion of the tour involved utilization of Air France service. Defendants obtained tickets from Air France of the value of $4,491.88. These tickets were made out in the names of Mrs. Precissi and her friends and were delivered to them by defendants who in turn received a check for $6,896.68. This check was in payment of the Air France tickets and other travel service in connection with the tour. Mr. Cook cashed the check and obtained $4,000 in one-hundred dollar bills, and took the balance in two drafts. Thereafter the defendants left Lodi, leaving no forwarding address. Air France received none of the money paid to defendants for the tickets. Following their arrest, defendants admitted the appropriation of the money.

Defendants now contend, as they did throughout the trial, that the relationship between them and Air France was one of debtor and creditor in that the tickets were sold by Air France directly to defendants. This contention was refuted by Mr. DeCabrol, District Manager for Air France. His testimony was that the tickets were sold by his company directly to the persons who were to use them, the clients of defendants, and that an agent cannot buy tickets for resale. He further stated the reason that the air line requested the travel agent to remit with his own check was in order to keep a record of sales so that when the question of sponsorship in the I.A.T.A. came up at some future date the company would have such record available. Were it not for this the air line would simply request a check direct from the purchaser. Under such facts the jury could properly find, as it

did, that defendants had appropriated for their own use money which they had collected for the payment of the fare and therefore defendants were under a fiduciary duty to deliver the funds to the air lines and their failure so to do would support a conviction of embezzlement. (*People* v. *Hedderly*, 43 Cal.2d 476 [274 P.2d 857]; *People* v. *Foss*, 7 Cal.2d 669 [62 P.2d 372].)

Defendants' further contention that the trial court erred in failing to give certain instructions requested by them is not properly before this court. No request was made for the inclusion of the refused instructions in the transcript and hence this court cannot ascertain on this state of the record whether such instructions were properly requested. (*People* v. *Rivera*, 123 Cal.App.2d 358 [266 P.2d 810].)

Equally without merit is defendants' final contention, which is made without reference to the transcript and without benefit of authority, that the trial court erred in refusing to admit evidence of custom of the trade in support of defendants' contention that their relationship with Air France was one of debtor and creditor. The record shows that the local manager for United Air Lines was called as a witness for the prosecution and testified to certain payments made to United by the defendants. On cross-examination he was asked if it was not true that insofar as United Air Lines was concerned any nonsponsored travel agent was considered merely as a purchaser of the ticket and not as a representative of United Air Lines. Not alone was the question improper cross-examination, since the subject matter of the question had not been raised on direct examination, but furthermore the character of the relationship between Air France and defendants could only be established by their own particular agreement and not by evidence of how some other air line might handle a similar situation.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.